## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Zeidman,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>Lindell Management LLC,<br><br>　　　　　　　Respondent. | Case No. 0:23-cv-01433-JRT-DJF<br><br>**LINDELL MANAGEMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

### I.   INTRODUCTION

Respondent Lindell Management LLC ("Lindell Management") filed a state court action to vacate an arbitration award issued against Lindell Management and in favor of Petitioner Robert Zeidman ("Zeidman"). The next day, Zeidman filed this federal court action to confirm the same arbitration award. The two cases involve identical issues and the same parties.

Where two courts have concurrent jurisdiction, the first-to-file rule applies, giving priority to the first filed action over the later filed action. This is particularly the case when the two cases are effectively two sides of the same coin. Moreover, Zeidman filed this action with the knowledge that Lindell Management had already filed its action, exhibiting forum or judge shopping. Finally, avoidance of piecemeal litigation and judicial economy warrants the dismissal of the later filed case.

## II. BACKGROUND

On April 19, 2023, an American Arbitration Association panel of arbitrators issued an award against Lindell Management and in favor of Zeidman. *See* Petition for Order Confirming Arbitration Award ("Zeidman Petition"), ECF. No. 1, ¶ 8. On May 18, 2023, Lindell Management filed an action in the District Court of Hennepin County, Minnesota (Case No. 27-CV-23-7502) to vacate the arbitration award (the "State Court Action"). Notice of Removal, 23-CV-01759, ECF. 1, ¶¶ 1–2. On May 19, 2023, Zeidman filed this action in the U.S. District Court of Minnesota (the "later filed Federal Court Action") to confirm the same arbitration award that Lindell Management seeks to vacate in its State Court Action. *See* Zeidman Petition. Zeidman's counsel expressly acknowledged in the later filed Federal Court Action that they were aware Lindell Management had already filed the State Court Action. *Id.* ¶ 12.

On June 12, 2023, Zeidman filed a Notice of Removal in the State Court Action (which then became Case No. 23-CV-01759) (the "Removed Action"). In the Notice of Removal, Zeidman requested the two cases be consolidated into the later filed Federal Court Action.  Notice of Removal, 23-CV-01759, ECF. 1, ¶¶ 15–16. On June 16, 2023, Lindell Management filed its opposition to Zeidman's request for consolidation. Lindell Management now brings this Motion to Dismiss the later filed Federal Court Action.

## III.  ARGUMENT

A. **The First-To-File Rule Supports Dismissal.**

Where two courts have concurrent jurisdiction, courts follow the first-to-file rule, giving priority to the first filed action over the later filed action. *Orthmann v. Apple River*

2

*Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). Courts consider three factors in applying the first-to-file rule: (1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake. *Siruk v. Robinhood Fin.*, LLC, No. 21-CV-0415, 2021 U.S. Dist. LEXIS 96346, at *3 (D. Minn. Mar. 31, 2021). Here, all three factors support dismissal. *First,* the chronology of events show Lindell Management filed in state court first before Zeidman filed his later action in federal court. The parties do not dispute this. Zeidman Petition, ¶ 12. *Second,* the parties in both actions are the same. *Third*, the issues in both actions arise out of the same controversy and the identical dispute regarding whether the arbitration award is enforceable.

There are also no compelling circumstances that militate against dismissing this action. *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990). The Eighth Circuit identified two "red flags" that demonstrate compelling circumstances: (1) when the plaintiff in the first-filed suit is on notice that the defendant was considering filing suit against it; and (2) when the first-filed suit was for declaratory judgment rather than damages or equitable relief. *ABC Teacher's Outlet, Inc. v. Sch. Specialty, Inc.*, No. 07-159 (DWF/SRN), 2007 U.S. Dist. LEXIS 52017 (D. Minn. July 17, 2007), *7–8 (D. Minn. July 17, 2007) (citing *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005–6 (8th Cir. 1993)). Neither red flag exists here.

To the contrary, the records establishes Zeidman filed this action with the knowledge that Lindell Management had already filed in state court. Zeidman Petition, ¶ 12. There is no conceivable reason why Zeidman would have filed this action other than to attempt to "usurp the priority generally given to the plaintiff's choice of forum" and

*Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). Courts consider three factors in applying the first-to-file rule: (1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake. *Siruk v. Robinhood Fin.*, LLC, No. 21-CV-0415, 2021 U.S. Dist. LEXIS 96346, at *3 (D. Minn. Mar. 31, 2021). Here, all three factors support dismissal. *First,* the chronology of events show Lindell Management filed in state court first before Zeidman filed his later action in federal court. The parties do not dispute this. Zeidman Petition, ¶ 12. *Second,* the parties in both actions are the same. *Third*, the issues in both actions arise out of the same controversy and the identical dispute regarding whether the arbitration award is enforceable.

There are also no compelling circumstances that militate against dismissing this action. *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990). The Eighth Circuit identified two "red flags" that demonstrate compelling circumstances: (1) when the plaintiff in the first-filed suit is on notice that the defendant was considering filing suit against it; and (2) when the first-filed suit was for declaratory judgment rather than damages or equitable relief. *ABC Teacher's Outlet, Inc. v. Sch. Specialty, Inc.*, No. 07-159 (DWF/SRN), 2007 U.S. Dist. LEXIS 52017 (D. Minn. July 17, 2007), *7–8 (D. Minn. July 17, 2007) (citing *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005–6 (8th Cir. 1993)). Neither red flag exists here.

To the contrary, the records establishes Zeidman filed this action with the knowledge that Lindell Management had already filed in state court. Zeidman Petition, ¶ 12. There is no conceivable reason why Zeidman would have filed this action other than to attempt to "usurp the priority generally given to the plaintiff's choice of forum" and

manipulate the applicable procedure. *Massachusetts Bay Ins. Co. v. G.M. Northrup Corp.*, No. 22-CV-699 (KMM/TNL), 2022 U.S. Dist. LEXIS 110110, at *10 (D. Minn. June 22, 2022).

**B.   The Interests of Justice and Judicial Economy Also Support Dismissal.**

Courts also consider judicial economy when applying the first-to-file rule. *Massachusetts Bay*, 2022 U.S. Dist. LEXIS 110110, at *7. Duplicative or piecemeal litigation in the federal courts should be avoided in order to prevent the unnecessary expenditure of judicial resources. *Slidell, Inc. v. Archer Daniels Midland Co.*, No. 02-4841 (MJD/JGL), 2003 U.S. Dist. LEXIS 15310, at *10 (D. Minn. Sep. 2, 2003). Indeed, the purpose of the first-filed rule is to avoid duplication of judicial effort, avoid vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication. *Andersen Windows, Inc. v. Delmarva Sash & Door Co. of Md.*, Civil No. 02-74 (DWF/AJB), 2002 U.S. Dist. LEXIS 12008, at *16 (D. Minn. June 28, 2002). This unnecessary and potentially confusing duplication of judicial effort is precisely what the first-to-file rule is calculated to avoid. The federal comity doctrine is best served in this case by dismissing this action, allowing the parties to proceed under the Removed Action. Moroever, applying the first-to-file rule furthers the interests of justice and avoids prejudice. All of Zeidman's claims are available as counterclaims in the Removed Action.

## CONCLUSION

Based on the foregoing, application of the first-to-file rule and equitable concerns weigh in favor of granting Lindell Management's motion to dismiss this action.

 

                                              **PARKER DANIELS KIBORT LLC**

Dated: June 16, 2023          By: */s/ Andrew D. Parker*
                                                              Andrew Parker (#195042)
                                                              Alec J. Beck (#201133)
                                                              888 Colwell Building
                                                              123 N. Third Street
                                                              Minneapolis, MN 55401
                                                              612-355-4100
                                                              *parker@parkerdk.com*
                                                              *beck@parkerdk.com*

                                                              *Attorneys for Respondent Lindell Management LLC*