UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Zeidman, | Case No. 23-cv-1433 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Lindell Management LLC, | |
| Defendant. | |

| | |
|---|---|
| Lindell Management LLC, | Case No. 23-cv-1759 (JRT/DJF) |
| Plaintiff, | |
| v. | |
| Robert Zeidman, | |
| Defendant. | |

This matter is before the Court on Plaintiff/Defendant Robert Zeidman's request to consolidate. These two cases are mirror images of each other, both challenging the enforceability of the same arbitration award issued April 19, 2023. Robert Zeidman filed a Petition for Order Confirming Arbitration Award ("Petition") (ECF No. 1) in *Zeidman v. Lindell Management LLC*, 23-cv-1433 (JRT/DJF) ("*Zeidman I*") on May 19, 2023. In his Petition, Mr. Zeidman acknowledged that just one day prior, "Lindell Management LLC ["Lindell"] sent notice to counsel of a [Petition] to vacate the award apparently filed in state court, Hennepin County District Court." (*Id.* at 3.) As of the date of filing in *Zeidman I*, Lindell's Petition had not yet received a case number in state court, and Mr. Zeidman asserted that he intended to remove the state court

1

action to federal court and seek consolidation as soon as Lindell's Petition to vacate was docketed. (*Id.*)

As anticipated, Mr. Zeidman filed a notice of removal of the Hennepin County case and a request to consolidate it with *Zeidman I* on June 12, 2023. *Lindell Management LLC v. Zeidman*, 23-cv-1759 (JRT/DJF) ("*Zeidman II*") (ECF No. 1 at 1-4). Lindell opposes Mr. Zeidman's consolidation request. *Zeidman II* (ECF no. 6 at 6.) Lindell notes that its state court action was filed prior to Mr. Zeidman's federal court action and argues its Petition therefore has priority under the first-to-file rule. *See Zeidman II* (ECF No. 6 at 2-3); *see also Zeidman I* (ECF No. 11 at 2-4). It also seeks to dismiss *Zeidman I* as duplicative. *See Zeidman I* (ECF No. 11 at 4). Alternatively, Lindell requests that the Court consolidate *Zeidman I* with *Zeidman II* and make *Zeidman II* the lead case. *Zeidman II* (ECF No. 6 at 3). Lindell argues Mr. Zeidman's filing in *Zeidman I* is an attempt to "usurp the priority generally given to the plaintiff's choice of forum" and "manipulate the procedure" applicable to this action. *Zeidman II* (ECF No. 6 at 3) (citation and quotation omitted).

The litigation strategies employed by the parties on both sides of this matter are perplexing. For his part, Mr. Zeidman has offered no explanation for his decision to bring a duplicative action in federal court, rather than simply removing the state court action and responding to it. And Lindell's opposition to the consolidation of two cases that it admits raise identical issues is similarly perplexing. Lindell's suggestion that its case (*Lindell II*) should receive priority over Mr. Zeidman's to avoid forum-shopping is nonsensical, given that the two cases are now proceeding in the same federal district court, assigned to the same District Judge and Magistrate Judge, and Lindell has not sought a remand to Hennepin County in *Zeidman II*. What is obvious to the Court is that neither party is behaving in a manner that demonstrates a concern for judicial economy and

efficiency. The Court takes this opportunity to warn the parties against duplicative filings and needless motions. The Court expects the parties to focus on litigating this action in a manner best calculated to advance the case and not on pointless disputes.

It is also obvious to the Court that these cases must be consolidated. Both the Petition for Order Confirming Arbitration Award in *Zeidman I* (ECF No. 1) and the Petition for Order Vacating Arbitration Award in *Zeidman II* (ECF No. 1-1) address the same arbitration award and involve "common questions of law and fact." Fed. R. Civ. P. 42(a). Additionally, consolidation would "promote judicial efficiency as well as prevent[] unnecessary duplication of efforts and expense by the parties." *Adedipe v. U.S. Bank, Nat. Ass'n*, 13-cv-2687 (JNE/JJK), 2014 WL 835174, at *2 (D. Minn. March 4, 2014) (bracket added), *report and recommendation adopted*, 2014 WL 835174, at *1 (D. Minn. March 4, 2014). The Court accordingly consolidates *Zeidman I* and *Zeidman II*. The Court further adopts the first-filed case in this District, *Zeidman I*, as the lead case in this matter, pursuant to long-standing standard practice in this District. The Court notes that, in doing so, it is neither commenting on the merits of either Petition nor declaring either party a winner or loser in their apparent battle for primacy. This consolidation Order similarly should not be construed as having any bearing on the District Judge's decision with respect to Lindell's pending Motion to Dismiss the Petition filed in *Zeidman I*.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Mr. Zeidman's Request for Consolidation (ECF No. [1]) in *Lindell Management LLC v. Zeidman*, 23-cv-1759 (JRT/DJF) is **GRANTED** as follows:

1. *Zeidman v. Lindell Management LLC*, 23-cv-1433 (JRT/DJF) and *Lindell Management LLC v. Zeidman*, 23-cv-1759 (JRT/DJF), are consolidated for pretrial and trial proceedings.

2. To give full effect to this consolidation of related proceedings, the Court further orders that:

   a. The first-filed case in this District, *Zeidman v. Lindell Management LLC*, 23-cv-1433 (JRT/DJF), shall serve as the lead case of these consolidated matters;

   b. All future filings for these related proceedings shall be filed in the lead case and shall bear the caption: In re: Lindell Management LLC Litigation;

   c. All future filings in the lead case shall be considered filed in the relevant related case; filings should not be separately docketed in the related cases and all previous filings in the related cases need not be re-filed in the lead case;

   d. The Clerk of Court is directed to add all parties and attorneys of record from the related cases to the lead case. All pro hac vice admissions in the related cases are valid for the lead case; and

   e. The Clerk of Court is directed to administratively close *Lindell Management LLC v. Zeidman*, 23-cv-1759 (JRT/DJF).

Dated: June 22, 2023                                  *s/ Dulce J. Foster*
                                                             Dulce J. Foster
                                                             United States Magistrate Judge