UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Lindell Management LLC Litigation | Case No. 23-cv-1433 (JRT/DJF)<br><br>**OPPOSITION TO MOTION TO DISMISS PETITION FOR CONFIRMATION OF ARBITRATION AWARD** |

Lindell Management LLC ("Lindell") alleges, as the basis for its motion to dismiss Robert Zeidman's Petition for Confirmation of the Arbitration Award, that Mr. Zeidman is "forum or judge shopping" and that Mr. Zeidman's petition should be dismissed in order to "avoid piecemeal litigation." Since the filing of Lindell's motion to dismiss, United States Magistrate Judge Foster entered an order consolidating this case with the state court case filed by Lindell and subsequently removed to this court. (ECF No. 16). Given the consolidation of the two matters before this court, the basis for Lindell's motion to dismiss is moot.

### I. Relevant Procedural History

As set forth in Mr. Zeidman's petition to confirm the arbitration award, on April 19, 2023, a three-member arbitration panel issued a unanimous Reasoned Decision and Final Award that entitles Mr. Zeidman to judgment against Lindell Management LLC in the amount of $5,000,000 to be paid within 30 days of the date of the award, which was May 19, 2023. (ECF No. 1, ¶¶7-9). The Panel that

1

issued the Final Award was comprised of three individuals. One of the arbitrators was chosen by Lindell, one by Mr. Zeidman and the third was proposed by Lindell and accepted by Zeidman. (Declaration of C. Joshi ¶ 2). Nevertheless, on May 18, 2023, counsel for Lindell informed counsel for Mr. Zeidman that it was filing a motion to vacate the arbitration award. (ECF No. 1, ¶12). On May 19, 2023, Lindell's petition had not been served on Mr. Zeidman or counsel and the petition did not appear on the state court docket. (*Id.*). In addition, the thirty days the AAA Arbitration panel had given Lindell to pay the award had expired. (*Id.*). To preserve his rights and avoid further delay in having the arbitration award enforced, Mr. Zeidman filed a motion to confirm the arbitration award in federal court on May 19, 2023. (ECF No. 1). Lindell's petition to vacate the arbitration award was served on Mr. Zeidman on May 24, 2023. (Declaration of C. Joshi ¶ 3).

On June 13, 2023, Mr. Zeidman filed a notice of removal and request to consolidate the case that he had filed on May 19, 2023 (Case No. 23-CV-01433) with the removed state court case filed by Lindell (Case No. 23-CV-01759, ECF No. 1). Both cases were assigned to the same judge in the same Court. (Case No. 23-CV-01433, ECF No. 5 and Case No. 23-CV-01759, ECF No. 2).

II. **The Court should Proceed with Confirmation of the Arbitration Award**

Lindell filed this motion to dismiss Mr. Zeidman's petition to confirm the arbitration award on the basis that Lindell's case filed in state court was the first-filed case and should therefore be the case that proceeds in federal court. (ECF No.

11, §III. A). Lindell also alleges in its motion to dismiss that Mr. Zeidman's filing of his petition to confirm in federal court was an attempt to forum shop. (*Id*.). Finally, Lindell argues that Mr. Zeidman's petition must be dismissed to avoid duplicative or piecemeal litigation." (ECF No. 11, §III. B).

Taking the last argument first, Judge Foster's June 22, 2023 order consolidating the two cases has resolved the concern about duplicative litigation. (ECF No. 16, p. 3). Both Lindell's petition to vacate and Mr. Zeidman's petition to confirm have been consolidated and the Court can now proceed to address them efficiently.

As for forum shopping, this argument was never valid since the removed state court case and Mr. Zeidman's petition were both assigned to the same court in front of the same judge and Lindell has not sought to remand the case to state court.

As for the first-filed rule, Lindell filed his state court petition one day before Mr. Zeidman filed his petition in federal court. At the time Mr. Zeidman filed, he did not have confirmation that anything had been filed in state court and the time had expired by which Lindell was to pay the award ordered by the arbitration panel on April 19, 2023. Mr. Zeidman wanted to ensure that he was preserving his rights and avoiding further delay of payment by Lindell. The first-filed rule "is not intended to be rigid, mechanical or inflexible, but should be applied in a manner serving sound judicial administration." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 120 (8th Cir.1985). The purpose of the

3

rule is to conserve judicial resources and avoid conflicting rulings. *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n. 2 (8th Cir.1999). Given that the cases are now consolidated before this Court, these concerns do not apply.

The real implication of the first-filed rule is only a practical one of whether the court proceeds on Mr. Zeidman's petition to confirm the arbitration award or on Lindell's motion to vacate the award. In either case, the scope of review of the arbitration award is limited and the arbitrators' award is given extraordinary deference. *Kiernan v. Piper Jaffray Cos., Inc.*, 137 F.3d 588, 594 (8th Cir.) *quoting Lee v. Chica*, 983 F.2d 883, 885 (8th Cir.1993) ("Judicial review of an arbitration award is extremely limited. Beyond the grounds for vacation provided in the FAA, an award will only be set aside where "it is completely irrational or evidences a manifest disregard for law."); *see also SBC Advanced Solns., Inc., v. Commc'ns Workers of Am.*, Dist. 6, 794 F. 3d 1020, 1027 (8th Cir. 2015). Accordingly, Mr. Zeidman seeks the most expeditious path to affirmation of the award and respectfully asks that the Court proceed in the manner most efficient for reaching a resolution.

### III. Conclusion

Petitioner Robert Zeidman asks that the court set forth the procedure for the parties to follow so that this case can be resolved most efficiently.

4

DATED: June 28, 2023

        BAILEY & GLASSER LLP

        By: */s/ Cary Joshi*
        Brian A. Glasser (admitted *pro hac vice*)
        Cary Joshi (admitted *pro hac vice*)
        1055 Thomas Jefferson St, Suite 540
        Washington, DC 20007
        T: (202) 463-2101
        F: (202) 463-2103
        bglasser@baileyglasser.com
        cjoshi@baileyglasser.com

        NICHOLS KASTER, PLLP

        David E. Schlesinger (MN# 0387009)
        4700 IDS Center
        80 South Eighth Street
        Minneapolis, MN 55402
        T: 612-256-3277
        F: 612-338-4878
        schlesinger@nka.com

        *Attorneys for Plaintiff*