**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

In re: Lindell Management LLC Litigation        Civ. No. 23-cv-1433 (JRT/DJF)

**PRETRIAL SCHEDULING ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule will govern these proceedings.  This Order may be modified only upon a showing of good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3.

## DISCOVERY AND NON-DISPOSITIVE MOTION DEADLINES

The parties agree to rely on the record of the underlying arbitration hearing, including the transcript of the hearing and all exhibits.  The parties do not anticipate the need for discovery.

1.  The parties shall meet and confer and stipulate to the content of the factual record for purposes of this case on or before **August 25, 2023**.  The stipulation need not be filed on CM/ECF.

2.  Any dispute regarding the content of the factual record and any motion seeking discovery shall be filed and served on or before **September 25, 2023**.

3.  The parties do not anticipate filing motions to join other parties, to amend the pleadings or for other non-dispositive relief.  All non-dispositive motions, if any, must be filed and served by **September 25, 2023**.

## SETTLEMENT

The parties anticipate resolving this matter through dispositive motions and do not believe a settlement conference would be productive or appropriate.  The Court will not schedule a settlement conference unless either party requests that a settlement conference be set, or any

portion of this matter remains unresolved following resolution of the parties' anticipated dispositive motions.

## PROTECTIVE ORDER:

The parties agree that a protective order is unnecessary in this case.

## CLAIMS OF PRIVILEGE OR PROTECTION:

The parties agree that an order regarding claims of privilege or protection is unnecessary in this case.

## DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The parties do not foresee ESI discovery in this case.  If ESI discovery becomes necessary, the parties must work together to resolve any related disputes.

## NON-DISPOSITIVE MOTION GUIDELINES

The parties do not anticipate the need for non-dispositive motions in this case.  To the extent that any party seeks to file any non-dispositive motions, the following guidelines shall apply:

Meet and Confer Requirement

Except as otherwise specified in Local Rule 7.1(a), the parties must comply with the meet and confer requirement before calling for a hearing date, filing any motion, or engaging in Informal Dispute Resolution (IDR).  Parties must make a good faith attempt to confer through personal contact, rather than solely through written correspondence, email or voice messages. "Personal contact" includes in-person meetings, videoconferences and contemporaneous telephone calls.  Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow their disagreements before seeking the Court's involvement.

Informal Dispute Resolution

Whenever possible, the parties should bring discovery disputes to the Court using the Court's IDR process.  IDR is only available when all parties with a stake in the disputed issue agree to use it.  If the parties agree to use IDR, they must jointly contact Chambers by telephone or email at 612-664-5540 or Foster_Chambers@mnd.uscourts.gov to schedule a Zoom videoconference.  Each party will then submit a short letter setting forth the issue(s) to be resolved, stating that party's position with respect to each issue, and confirming that the party has agreed to resolve the dispute through IDR.  Charts and bullet-point summaries of the issue(s) are encouraged.  Unless otherwise specified by the Court, letter submissions shall be no more than three (3) pages long and must be emailed to Chambers and all parties at least two (2) business days before the Zoom videoconference is scheduled to take place.

Given the absence of formal briefing, the lack of any transcript or recording of the telephone hearing, and the fact that the Court's minute entry will not discuss the reasoning underlying the Court's decision, the decision on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion.  By agreeing to submit a dispute to IDR, the parties agree to live with the decision rendered on that dispute at the conclusion of the IDR process.

Formal Non-Dispositive Motions

Formal non-dispositive motions must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1 and 37.1, the Federal Rules of Civil Procedure and all other applicable rules.  The moving party must contact Chambers to schedule a hearing before filing the motion.  When calling for a hearing date, counsel for the moving party must be

prepared to provide a high-level overview of the dispute and describe prior communications with opposing counsel regarding IDR and the meet-and-confer process.  Before scheduling a motions hearing the Court may, at its discretion, require the parties to participate in an informal conference to discuss the dispute and determine whether the issues can be resolved or narrowed without motion practice.

Pursuant to Local Rule 7.1(b), **a hearing date must be obtained before any non-dispositive motion is filed, even if the motion is unopposed, and even if the parties agree that no hearing is necessary.**  If the parties agree that a hearing is not necessary, the moving party should include a statement to that effect in the Notice of Hearing.  The Court will determine whether to cancel the hearing after briefing is complete.  Parties are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court and obtaining permission to do so.

Do not send paper courtesy copies of filings to Chambers.  If the motions contain or refer to documents that are not filed on ECF, those documents should be emailed to Chambers at Foster_Chambers@mnd.uscourts.gov.  Parties should email courtesy copies of proposed orders in Word format to Chambers.

If the dispute is related to written discovery or the contents of depositions, the parties must jointly fill out a chart (see template below) that describes each disputed discovery request and response and each party's position and last offer of compromise.  This chart must be in Word format and emailed to Chambers at Foster_Chambers@mnd.uscourts.gov at least three business days before the hearing.  Failure to provide this chart to the Court may result in the cancellation of the hearing.

4

**Case Name and Number**

To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart.  The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer. Please attach additional sheets as necessary.  At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Foster_Chambers@mnd.uscourts.gov.

| Discovery Request at issue (Verbatim) | Movant's Position | Respondent's Position | Movant's Last Offered Compromise | Respondent's Last Offered Compromise | Notes |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____

**FILING DOCUMENTS UNDER SEAL**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and must comply with the Rule when seeking to file documents under seal.  The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery is not a sufficient justification for continued sealing.

Unless the parties agree or the Court orders otherwise, the joint motion regarding continued sealing required under Local Rule 5.6(d)(2) should be filed by the party who filed the first document under temporary seal in connection with the underlying motion.  The joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the Court's website at: https://www.mnd.uscourts.gov/forms/joint-motion-regarding-continued-sealing.

**DISPOSITIVE MOTIONS**

All dispositive motions and supporting documentation (notice of motion, motion, exhibits, affidavits, memorandum of law, and proposed order) shall be served and filed by the moving party on or before **October 25, 2023**.  All dispositive motions must comply with Local Rule 7.1. Responses to dispositive motions shall be filed with the Court and served on or before 21 days after service of the supporting memorandum to the original motion. Replies to responsive briefs shall be served and filed 14 days after service of the response to the dispositive motion. Upon the motion being fully briefed and filed, counsel for the moving party shall email Judge John R. Tunheim's chambers at tunheim_chambers@mnd.uscourts.gov to request a hearing date. Upon receiving a hearing date, time and location from Judge Tunheim's Courtroom Deputy, the moving party shall file an amended notice of hearing at that time.

**TRIAL**

The parties do not presently anticipate the need for a trial in this case.  If a trial becomes necessary this case will be ready for a bench trial on or about **January 25, 2024**.


Date:   July 25, 2023                                    *s/ Dulce J. Foster*
                                                         DULCE J. FOSTER
                                                         United States Magistrate Judge