# EXHIBIT A

**BEFORE THE AMERICAN ARBITRATION ASSOCIATION**
**COMMERICIAL ARBITRATION RULES**

| | |
|---|---|
| ROBERT ZEIDMAN<br><br>CLAIMANT,<br><br>v.<br><br>LINDELL MANAGEMENT LLC,<br><br>RESPONDENT. | AAA CASE NO. _____ |

**ROBERT ZEIDMAN'S DEMAND FOR ARBITRATION**

Pursuant to Rule R-4 of the American Arbitration Association's (the "AAA") Commercial Arbitration Rules, Claimant Robert Zeidman hereby files this demand for arbitration against Respondent Lindell Management LLC ("Lindell"), and alleges as follows:

**THE PARTIES**

1. Robert Zeidman is an individual residing in Las Vegas in the State of Nevada.

2. Upon information and belief, Lindell Management LLC is registered in the State of Minnesota, with its principal place of business in Chaska, Minnesota.

**JURISDICTION AND VENUE**

1

3. As detailed below, Mr. Zeidman and Lindell Management LLC entered into a contract on August 10, 2021, a true and correct copy of which is attached hereto as Exhibit "A."

4. Pursuant to the contract, any claims arising out of, relating to or connected in any way with the contract, shall be resolved by arbitration. Ex A ¶9.

5. Under the contract, the arbitration shall be conducted under the "current Rules of the AAA" and shall take place in Minneapolis, Minnesota. *Id.*

6. The AAA has subject matter jurisdiction under the arbitration clause in the contract.

7. Venue is proper in Minneapolis, Minnesota under the arbitration clause in the contract.

8. The contract also states that any dispute "will be governed by the internal laws of the State of Minnesota, without giving effect to its conflicts of law or choice of law principles." Ex. A ¶8.

## BACKGROUND

9. On August 10, 2021, Mr. Zeidman traveled to Sioux Falls, South Dakota, at his own cost, to participate in the Prove Mike Wrong Challenge ("the Challenge") at the Cyber Symposium.

10. The Cyber Symposium, which took place on August 10- 12, 2021, was sponsored and hosted by Michael J. Lindell, Founder and CEO of MyPillow.

11. Mr. Lindell is also listed as the registered agent and manager of Lindell Management LLC, the respondent in this case.

12. Mr. Lindell claimed that he had "100% proof" of election tampering by foreign countries, including China, and that he was given an electronic version of every vote cast in the 2020 United States Presidential election in the form of "packet captures," which he would show at the Cyber Symposium in Sioux Falls.

13. Mr. Lindell claimed that the cyber experts at the Cyber Symposium were going to validate that the 2020 Presidential election was hacked by a foreign country.

14. Mr. Lindell said he planned to take the results of the Cyber Symposium directly to the U.S Supreme Court.

15. The rules of the Challenge were set forth in the contract that all participants had to sign to enter the Challenge. Ex. A ("Challenge Contract").

16. Under the Challenge Contract, participants had to "prove that the data Lindell provides, and represents reflects information related to the November 2020 election, unequivocally does NOT reflect information related to the November 2020 election." Ex. A ¶1 (emphasis in the original).

17. Under the Challenge Contract, on the last day of the Cyber Symposium Lindell would select a three-member panel to identify the winners "based on their professional opinion that the submission proves to a 100% degree of certainty that the data shown at the Symposium is not reflective of November 20202 election data." *Id*. ¶6.

18. The winner of the Challenge was to receive $5 million. *Id*.

19. There were no other rules or requirements for the Challenge other than those contained in the Challenge Contract.

20. Mr. Zeidman signed the Challenge Contract when he arrived at the Cyber Symposium on August 10, 2021. He was not provided a copy of his signed agreement.

21. On the first day of the Cyber Symposium, Mr. Zeidman and other cyber experts were provided 5 files on the network.

22. They were told that the files contained data that reflected that fraud occurred in the 2020 Presidential election.

23. Mr. Zeidman downloaded these 5 files and found that they contained no recognizable data in any known data format.

24. Mr. Zeidman discovered that some of the files were simple Microsoft Word documents containing numbers and gibberish that had been obfuscated to hide their true contents, and that it was not network data or data related to the 2020 Presidential election.

25. Mr. Zeidman prepared a report detailing the work that he did to prove this conclusion. A true and correct copy of the Zeidman Expert Report is attached hereto as Exhibit B.

26. Mr. Zeidman registered a copyright for the Zeidman Expert Report that same day, August 10, 2021. A copy of the registration is attached as Exhibit "C."

27. The Zeidman Expert Report addresses each file that he and the other cyber experts were provided by Lindell on Day 1 of the Cyber Symposium. In the Expert Report, he explains how none of these files reflected information in any way related to the November 2020 election. *Id*. at §V ¶¶19-41.

28. On Day 2 of the Cyber Symposium, Mr. Zeidman and the other cyber experts were provided additional data. *Id*. §V ¶42.

29. While Mr. Zeidman demonstrated that, like the Day 1 data, this new data did not reflect information related to the November 2020 election, Lindell Management

LLC has since conceded that these files were not a part of the Challenge as they were not provided by Lindell.

30. Mr. Zeidman submitted his Expert Report to Lindell on August 12, 2021, before he left the Cyber Symposium.

31. Mr. Zeidman fulfilled all of the conditions for entering the Challenge and submitting a final report.

32. Upon information and belief, Lindell never convened the three-member panel on August 12, 2021 before 8:00PM CDT to determine a winner.

33. Upon information and belief, Lindell never took any steps to determine if there was a winner of the Challenge.

34. Upon information and belief, Lindell never announced a winner of the Challenge.

35. On, October 1, 2021, Mr. Zeidman sent a letter to Lindell claiming his right to the prize money for the Prove Mike Wrong Challenge and providing notice of his intention to file for arbitration pursuant to the Challenge Contract.

36. Lindell responded to Mr. Zeidman on October 13, 2021, denying his claim for the Challenge prize.

## CLAIMS FOR RELIEF

### COUNT I—Breach of Contract

37. Mr. Zeidman repeats and restates each and every preceding allegation as if set forth here.

38. Mr. Zeidman fulfilled all of his duties under the contract. He properly entered the contract, participated in the Challenge, submitted timely the Zeidman Expert

Report and, in it, he demonstrated that the data provided by Lindell unequivocally does NOT reflect information related to the November 2020 election.

39. Lindell, on the other hand, did not convene a three-person panel on August 12, 2021, before 8:00pm CDT, to determine if there were any winners of the Challenge and it did not declare Mr. Zeidman the winner despite him having proved that the data provided by Lindell unequivocally does NOT reflect information related to the November 2020 election.

40. As a result of Lindell's breach of the Challenge Contract, Mr. Zeidman has not received the $5 million promised under the terms of the contract.

**COUNT II—Violation of Minnesota Consumer Fraud Act, M.S.A. § 325.F755 (Prize Notices and Solicitations)**

41. Mr. Zeidman repeats and restates each and every preceding allegation as if set forth here.

42. Lindell created a contest, the Prove Mike Wrong Challenge, with a prize of $5 million.

43. Lindell advertised the Challenge and used the Challenge as a tool to gain additional attention and media coverage for the Cyber Symposium at the cost of Mr. Zeidman's and other participants' time and money that they spent to attend the Cyber Symposium and review the data.

44. Lindell stated as a term of the contest that to win the $5 million, participants had to demonstrate that the data provided by Lindell at the Cyber Symposium unequivocally did NOT reflect information related to the November 2020 election.

45. Mr. Zeidman demonstrated that the data provided by Lindell unequivocally does NOT reflect information related to the November 2020 election. Ex. B.

6

46. Lindell did not convene a three-person panel to assess the entries to the Challenge.

47. Lindell did not award the prize money to Mr. Zeidman or any other contestant.

48. Lindell created a contest knowing that it would not declare a winner even if that person complied with all requirements and rules.

49. Lindell falsely and deceptively induced participants, including Mr. Zeidman, to travel to the Cyber Symposium and spend three days reviewing data knowing that they would not declare a winner.

50. As a direct and proximate result of Lindell's unfair and deceptive acts, Mr. Zeidman has suffered real and actual economic damages and is entitled to recovery of those damages, as well as attorney's fees, as provided for under Minnesota law. M.S.A. § 325.F755 and M.S.A. § 8.31.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Zeidman respectfully requests that the Arbitrator:

1. Enter judgment in Mr. Zeidman's favor and against Lindell on its Claims;

2. Award Mr. Zeidman damages in an amount of $5 million and the cost to travel to attend the Cyber Symposium;

3. Award Mr. Zeidman his reasonable attorneys' fees and expenses as allowed for by law, including pursuant to M.S.A. § 325.F755 and M.S.A. § 8.31;

4. Determine any and all issues of arbitrability that may be presented and enjoin the conduct of any party that directly or effectively violates such determinations;

5. Award Mr. Zeidman pre-judgment and post-judgment interest;

6. Tax all costs of the arbitration against Lindell; and

7. Award Mr. Zeidman such other and further relief as to the Arbitrator deems just and proper.

Dated:  November 3, 2021                    Respectfully submitted,

**BAILEY & GLASSER LLP**

/s/
Brian A. Glasser
Cary Joshi
Bailey & Glasser LLP
1055 Thomas Jefferson St, Suite 540
Washington, DC 20007
T: (202) 463-2101
F: (202) 463-2103
bglasser@baileyglasser.com
cjoshi@baileyglasser.com