UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Lindell Management LLC Litigation | Case No. 23-cv-1433 (JRT/DJF) <br><br> **ROBERT ZEIDMAN'S REPLY IN FURTHER SUPPORT OF MOTION TO CONFIM ARBITRATION AWARD** |

**A motion to confirm or vacate an arbitration award is not a retrial.**

Lindell Management Company, LLC ("Lindell") asks that this court "consider the evidence before making a decision" and yet that is exactly what the Court cannot do under the Federal Arbitration Act. (Lindell Opp. to Mot. to Confirm, ECF 27 at 5). As clearly set forth by the Supreme Court of the United States in *Oxford Health Plans LLC v. Sutter*, when a party challenges an arbitration award under 9 U.S.C. §10(a)(4), claiming that the arbitrator exceeded his power, "the sole question for [the court] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). Indeed, "[i]t is the arbitrator's construction [of the contract] which is bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Id*. at 573 (internal citations omitted). The parties here agreed to have

the arbitrators interpret the contract and the arbitrators interpreted the contract in reaching their final decision. Lindell's argument that the Panel did not correctly interpret the contract is entirely irrelevant. The Panel, in interpreting the contract, did not exceed its power but simply fulfilled the task granted to them by virtue of the arbitration agreement and therefore the Court should grant this motion to confirm the Panel's award.

**Both sides agree that the Panel's task was to interpret the contract.**

The contract itself directs that any claim, dispute, or controversy "connected in any way" to the interpretation of the contract will be resolved "exclusively by binding arbitration." (Rules, ECF No. 2-1). Both sides agree that this was the exact power given to the arbitration panel in this case: "The panel's authority necessarily was limited to interpreting the contest Rules. On that point everyone agrees." (ECF 27 at 6).

**The Panel interpreted the contract.**

Lindell then goes on to argue that the Panel's interpretation was incorrect. (ECF 27 at 5-9). This is not a relevant argument in the context of a clear agreement to have this issue decided by the Panel. *Oxford Health Plans LLC,* 569 U.S. at 573. As clearly set forth by the Panel in its decision, the arbitrators interpreted two key provisions of the Rules to decide whether Mr. Zeidman had fully performed on the contract, including:

>  (1) prove that the data Lindell provides, and represents reflects information form the November 2020 election, unequivocally does NOT reflect information related to the November 2020

2

election;

(2) whether the submission proves to a 100% degree of certainty that the data shown at the Symposium is not reflective of November 2020 election data.

(ECF No. 2-1 at ¶¶1 and 6; Arbitration Award, ECF No. 2-2 at 11-12). Both parties agree that the Panel interpreted the proper provisions of the contract. (ECF 27 at 6-9). To interpret these provisions, the Panel looked to the "plain language of the written contract," as directed by Minnesota law. (Arbitration Award, ECF No. 2-2 at 11-12). The Panel found, as did the parties, that the provisions were unambiguous. (*Id*. at 12). The Panel then went on to interpret these provisions of the contract, as was their obligation under the Rules, and concluded unanimously that Lindell's interpretation of the Rules was not reasonable. (*Id*. at 13-14). They provided an in-depth analysis of whether Mr. Zeidman met his burden as set forth in the Rules. (*Id*. at 15-22). The Panel did not "flip the burden of proof" from Mr. Zeidman to Lindell, as alleged by Lindell. (ECF 27 at 6-7). Nor did the Panel "change the requirements for winning the contest." (*Id*. 8-9). Rather, the Panel, charged with interpreting the contract, applied Minnesota contract law to the contract, interpreted it and applied their interpretation. What Lindell calls "injecting their own notion of reasonability" is really just the Panel interpreting the contest Rules. (*Id*. at 8). The fact that the Panel did not agree with Lindell's own hoped-for interpretation of the contract does not even come close to meeting the extremely high bar set by 9 U.S.C. §10(a)(4) to show that the arbitrators here somehow "exceeded their powers."

**Lindell has presented no evidence that the arbitrators exceeded their powers.**

In response to Mr. Zeidman's motion to confirm the award, Lindell has not presented any evidence that the arbitration panel did anything that would rise to the level of exceeding its powers as contemplated by 9 U.S.C. §10(a)(4). To make such a showing, Lindell has to do more than disagree with the Panel's interpretation of the contract. *Prime Pork, LLC v NBO3 Tech. LLC*, 2019 WL 6799778 (D. Minn 2019) quoting *CenterPoint Energy Res. Corp. v. Gas Workers Union*, 920 F.#d 1163, 1167 (9th Cir. 2019). ("A party who disagrees with an arbitrator's contractual interpretation can always characterize the decision as 'ignoring' language that favors the party's interpretation, but erroneous textual analysis is not a sufficient ground to vacate an award.") Lindell argues that the Panel changed the burden of proof and that it inserted its own view of reasonability. (ECF 27 at 6-9). In fact, what the Panel did was take the words of the contract, interpret them given their reasonable and plain meaning and conclude that Mr. Zeidman fulfilled the requirements of the contract. (ECF 2-2).

Lindell has thrown around the idea that the Panel injected its "own notion of industrial justice" but has not actually provided any evidence of what that notion of justice might be or how the Panel did that here. To vacate an award under §10(a)(4), Lindell must show that the Panel did not even interpret the contract but took some action not contemplated in the contract. *Oxford Health Plans LLC*, 569 US at 571-572. That the Panel interpreted the contract differently than Lindell would have liked is not a basis to vacate the award. *Id.*

Lindell claims that its actual motion to vacate the award is forthcoming, and that because "Zeidman only provides a skeletal argument in favor of his Motion" that Lindell will "outline its response herein, and provide a fuller argument in support of its own Motion to Vacate." (ECF 27 at 1). It is unclear what evidence Lindell will present in support of its forthcoming motion to vacate that it is not obligated to present here in opposition to this motion to confirm. In Mr. Zeidman's opening brief he did not present a "skeletal" argument but instead argued that there was no basis to vacate the arbitration award under any provision of 9 U.S.C. § 10(a), the only allowable bases for vacating an award. (ECF 24 at 4-9).

The only basis for vacating the award that Lindell has ever cited in any filing with this or any court is that the Panel exceeded its authority under 9 U.S.C. §10(a)(4). Any argument Lindell may have in this regard, or as to any provision under 9 U.S.C. §10(a), should be set forth in response to this motion to confirm, not in a later-filed motion to vacate. Lindell cannot hold its arguments and evidence, to the extent it has any, for its own motion when that motion is simply the other side of the same coin. The Court should therefore make its final decision whether to confirm or vacate the arbitration award based upon the briefing of the parties in this motion to confirm the award.

**This Motion to Confirm is not premature.**

Lindell claims that Mr. Zeidman's motion to confirm is somehow premature. (ECF 27 at 10). The July 25, 2023 scheduling order provides that dispositive motions "shall be served and filed by the moving party on or before

5

October 25, 2023." (ECF 20 at 6). Mr. Zeidman, the moving party in this motion, filed his motion on or before October 25, 2023. The scheduling order goes on to say that "[u]pon the motion being fully briefed and filed, counsel for the moving party shall email Judge John R. Tunheim's chambers …to request a hearing date." (*Id*.). With the filing of this reply, Mr. Zeidman's motion to confirm is fully briefed and he will therefore request a hearing date by emailing chambers.

Lindell asks that the court wait for its anticipated motion to vacate and schedule argument on the two motions on the same date and time. (ECF 27 at 10). Should oral argument even be necessary, awaiting another filing from Lindell that will contain the identical arguments as those contained in response to the motion to confirm is a waste of judicial time and resources. Whether or not the arbitration award should be confirmed or vacated has been fully aired and Mr. Zeidman should not have to wait for the filing of another motion for his to be heard.

**Conclusion**

In hopes of getting a different result, Lindell Management LLC asks this court to reconsider the evidence presented at the arbitration hearing and reject the arbitrators' unanimous interpretation of the contract. Such reconsideration of the evidence is not permitted under well-established precedent. In hopes of delaying the enforcement of the award, Lindell asks that Mr. Zeidman and this court await its motion to vacate. Such a motion will not provide anything new for the court to consider. Mr. Zeidman therefore asks that the court enter an order confirming the April 19, 2023 arbitration award, denying Lindell Management LLC's petition to

vacate and ordering payment on the judgment and post-judgment interest within 15 days of the court's order. Mr. Zeidman will immediately request a hearing on this motion pursuant to the July 25, 2023 scheduling order and, should the court find such a hearing necessary, Mr. Zeidman asks that it be scheduled at the next available date and time.

DATED: September 5, 2023

        **BAILEY & GLASSER LLP**

        By: */s/ Cary Joshi*
            Brian A. Glasser (admitted *pro hac vice*)
            Cary Joshi (admitted *pro hac vice*)
            1055 Thomas Jefferson St, Suite 540
            Washington, DC 20007
            T: (202) 463-2101
            F: (202) 463-2103
            bglasser@baileyglasser.com
            cjoshi@baileyglasser.com

            David E. Schlesinger (MN# 0387009)
            4700 IDS Center
            80 South Eighth Street
            Minneapolis, MN 55402
            T: 612-256-3277
            F: 612-338-4878
            schlesinger@nka.com

            *Attorneys for Robert Zeidman*