**BAILEY GLASSER LLP**

1055 Thomas Jefferson St. NW Suite 540
Washington, DC 20007
Tel: 202.463.2101
Fax: 202.463.2103

**Cary Joshi**
cjoshi@baileyglasser.com

September 15, 2023

<u>**VIA ECF**</u>
The Honorable John R. Tunheim
United States District Court Judge

    Re:    In re: Lindell Management LLC Litigation
              Case No. 23-cv-1433 (JRT/DJF)

Judge Tunheim:

      We represent Robert Zeidman and respond here to the September 7, 2023 letter from counsel for Lindell Management LLC ("Lindell") related to our request for a hearing following the filing and full briefing of our motion to confirm the arbitration award. (Dkt. 22, 27 and 30). We believe we have covered in our briefing the issues raised in counsel's letter but are providing this additional response in the event it helps to resolve the issues.

      Counsel suggests that the request Mr. Zeidman made to the court by email for a hearing on his motion to confirm the award was somehow improper because it was not in keeping with Local Rule 7.1(c). Local Rule 7.1(c) begins "[u]nless the court orders otherwise" and then sets forth the rules that govern a dispositive motion. Here, Magistrate Judge Dulce did indeed "order otherwise" when she set forth a different and very clear process for the parties to handle dispositive motions. (Dkt. 20 at 6). Her scheduling order states that the moving party should request a hearing by email following the full briefing of a dispositive motion. (*Id.*). Here, the parties fully briefed the motion to confirm the award and Mr. Zeidman, the moving party, requested a hearing by email. It is unclear what part of Local Rule 7.1(c) Mr. Zeidman failed to follow that was not superseded by Judge Dulce's order.

      Relatedly, counsel for Lindell asks that the Court wait for its anticipated motion to vacate and schedule argument on the two motions on the same date and time. (ECF 27 at 10). They further state that we "refused" to request a joint date for hearing cross-dispositive motions. It is true that we declined to stray from the clear directives of the Court's scheduling order. Nothing in Judge Dulce's order requires or even suggests that Mr. Zeidman should have to wait for Lindell to file its own dispositive motion before requesting that the court hears the motion to confirm the award.

      Furthermore, it is difficult to imagine that Lindell would present new evidence or

Hon. Judge Tunheim
September 15, 2023
Page 2

arguments in support of its forthcoming motion to vacate that it is not obligated to present in opposition to Mr. Zeidman's motion to confirm. In truth, whether or not the arbitration award in this case should be confirmed or vacated has been fully aired by both sides through Mr. Zeidman's motion and he should not have to wait for the filing of Lindell's promised motion to vacate for his motion to be heard. The interests of economy and efficiency dictate that if all of the issues have been raised and briefed and are ready to be heard by the court, the hearing should be scheduled.

                                      Sincerely

                                      Cary Joshi