# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Lindell Management LLC Litigation | Case No. 23-cv-1433 (JRT/DJF) <br><br> **ROBERT ZEIDMAN'S MEMORANDUM OF LAW IN OPPOSITION TO LINDELL MANAGEMENT, LLC'S MOTION TO VACATE ARBITRATION AWARD** |

**Introduction**

Once again, Lindell Management LLC ("Lindell") improperly pursues a retrial of the issues in this case and has, as predicted, simply restated the same arguments it made in its response to Robert Zeidman's motion to confirm without any additional evidence that the Panel "exceeded its powers" under 9 U.S.C. §§9-10(a)(4) when they interpreted the contract in question.[1] Lindell's objections to the award are "simply dressed-up arguments that the arbitrator[s] interpreted its agreement erroneously." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 224 (3d Cir. 2012), as amended (Apr. 4, 2012), aff'd, 569 U.S. 564, 133 S. Ct. 2064, 186 L. Ed. 2d 113 (2013)). The Supreme Court of the United States made it crystal

---

[1] In response to Lindell's motion to vacate, Mr. Zeidman incorporates his memorandum in support of his motion to confirm the award and the reply, in their entirety. (ECF 24 and 30).

clear in *Oxford Health* that such an attempt to vacate the Panel's decision because Lindell disagrees with their interpretation of the contract is "not properly addressed to the Court." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013). Accordingly, Mr. Zeidman, again, asks the court to deny Lindell's motion to vacate, grant Mr. Zeidman's motion to confirm and order judgment to be paid within 15 days.

**Disagreement with the Panel's interpretation of the contract is not a basis for vacating the Panel's award**

In both its response to Mr. Zeidman's motion to confirm the award and its own motion to vacate, Lindell's arguments amount to one contention— that the Panel interpreted the contract and Lindell does not agree with their interpretation.

As clearly set forth in *Oxford Health*, when a party challenges an arbitration award under 9 U.S.C. §10(a)(4), as Lindell does here, claiming that the arbitrator exceeded his power, "the sole question for [the court] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Oxford Health*, 569 U.S. at 569 (2013). Indeed, "[i]t is the arbitrator's construction [of the contract] which is bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Id.* at 573 (internal citations omitted).

Lindell argues both in its memo in support of the motion to vacate and in opposition to Mr. Zeidman's motion to confirm, using almost identical language,

2

that the Panel somehow changed the burden of proof under the contract by combining two parts of one sentence into one (ECF 27, 6-7; ECF 37, 14-15).[2] Lindell also claims that the Panel interpreted the meaning of "related to" differently than Lindell interprets it. (ECF 27, 8-9; ECF 37, 4-6 and 12-14). Even if these contentions were accurate or relevant, the arguments still fundamentally challenge the Panel's *interpretation* of the contract but do not in any way evidence that the Panel exceeded the power granted to them in that contract.

In its decision, the Panel set forth as its mission clearly:

> To decide whether Lindell LLC breached its agreement with Mr. Zeidman by not declaring him a Contest winner and paying him $5 million, the Panel must first interpret the terms of the contract contained in the Contest rules.

(Arbitration Award, ECF No. 2-2 at 11). The Panel then focused on the text of the agreement, identifying what it saw as the two key phrases in the rules requiring interpretation. (*Id.* at 11-12). The Panel then set forth the standard it would use to interpret these key phrases:

> The intent of the parties is determined from the plain language of the written contract, so long as the agreement is clear and unambiguous. *Travertine Corp. v. Lexington-Silverwood*, 683 N.W.2d 267, 271 (Minn. 2004). The Panel should consider extrinsic evidence only if the document itself is ambiguous. Blattner v. Forster, 322 N.W.2d 319, 321 (Minn. 1982). "Words or phrases found in a contract should not be interpreted out of context, but rather by a process of synthesis in which the words and phrases are given a meaning in accordance with the obvious purpose of the contract as a whole." *Cement, Sand & Gravel Co. v. Agricultural Ins. Co*., 225 Minn. 211,

---

[2] The Panel did, in fact, find that Mr. Zeidman had proven that all of the data provided in the contest was invalid and made its decision on that basis. (ECF 2-2, 15-22).

> 216, 30N.W.2d 341, 345 (Minn. 1947); *Clapp v. Haferman Water
> Conditioning, Inc.,* 380 N.W.2d 838, 841 (Minn. Ct. App. 1986). A
> contract's terms should not be construed to lead to a harsh or absurd
> result. *Brookfield Trace Ctr., Inc. v. County of Ramsey*, 584 N.W.2d
> 390, 394 (Minn. 1998).

(*Id*. at 12). After setting forth the proper standard, the Panel went on to interpret the key phrases, albeit differently than Lindell did. (*Id*. at 13). In fact, The Panel found Lindell's definition of the key term "election data" to be unreasonable:

> Defining data as being merely "about the election" or "relating to the
> election" ignores the Contest rules' reference to data "from the
> election" and reference to "election data." These terms require the
> data not merely be about the election, but must be from the election
> process itself… In fact, it would be unreasonable to conclude that
> any data about the election is "election data." Newspaper articles and
> broadcast news about the election are transmitted as data over the
> internet, for example. It is unreasonable to conclude that any data
> file containing those accounts – or excerpts from such a file – would
> qualify as election data in a contest. If such data qualified, the
> Contest would not really be a contest at all.

(*Id*. at 13-14). The Panel then fully evaluated Mr. Zeidman's analysis of each of the contest files and found that he had indeed proven that the 11 files Lindell "provided and represented reflected information from the November 2020 election, unequivocally did not reflect November 2020 election data. Failure to pay Mr. Zeidman the $5 million prize was a breach of the contract, entitling him to recover." (*Id*. at 15-22). The Panel cites this standard directly from the contract itself. (ECF No. 2-1, ¶1). There is simply no evidence that the Panel acted "outside the scope of [their] contractually delegated authority" issuing an award that simply reflects their "own notions of [economic] justice" rather than "drawing its essence

4

from the contract." *Oxford Health*, 569 U.S. at 569 (internal citations omitted). The award here does not, in any way, reflect some extra-contractual outcome personally preferred by the Panel. What they were empowered to do, and what they indeed did do was *interpret* the contract. In its own contract, that it drafted, Lindell "bargained for the arbitrator's construction" of its agreement. *Oxford Health*, 569 US at 569. It cannot ask for a do-over before this court because it does not agree with the Panel's interpretation.

**Conclusion**

Mr. Zeidman asks that the Court put an end to this matter and deny Lindell's petition to vacate, confirm the underlying arbitration award and order Lindell to satisfy the judgment in 15 days, including post-judgment interest.

DATED: October 13, 2023

                              **BAILEY & GLASSER LLP**

                              By: */s/ Cary Joshi*
                                  Brian A. Glasser (admitted *pro hac vice*)
                                  Cary Joshi (admitted *pro hac vice*)
                                  1055 Thomas Jefferson St, Suite 540
                                  Washington, DC 20007
                                  T: (202) 463-2101
                                  F: (202) 463-2103
                                  bglasser@baileyglasser.com
                                  cjoshi@baileyglasser.com

                                  David E. Schlesinger (MN# 0387009)
                                  4700 IDS Center
                                  80 South Eighth Street
                                  Minneapolis, MN 55402
                                  T: 612-256-3277

F: 612-338-4878
schlesinger@nka.com

*Attorneys for Robert Zeidman*