UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Lindell Management LLC Litigation | Case No. 23-cv-1433 (JRT/DJF) <br><br> **ROBERT ZEIDMAN'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL RESPONSES TO POST-JUDGMENT DISCOVERY** |

## I.      INTRODUCTION

Robert Zeidman, pursuant to Federal Rule of Civil Procedure 37, asks this Court for an order compelling Lindell Management LLC ("Lindell) to produce documents and respond, in writing and without objection, to Mr. Zeidman's post-judgment interrogatories and requests for production of documents served by Mr. Zeidman on February 22, 2024. Under Rule 69, Mr. Zeidman has the right to serve post-judgment discovery in aid of judgment or execution. Fed. R. Civ. P. 69(a)(2). He served those requests more than two months ago and, despite communication between the parties and promises of responses, Lindell has not provided responses. While Lindell has provided some documents, Mr. Zeidman has no idea what these documents respond to, what else Lindell intends to produce or what it claims not to have. In any event, Lindell has waived its right to object and should be ordered to respond immediately, in full and without objection.

1

## II.  RELEVANT FACTS

On February 22, 2024, the Court entered judgment in favor of Robert Zeidman and against Lindell Management LLC in the amount of $5 million. (ECF 46). The judgment was to be paid 30 days after judgment was entered. *Id.* Lindell Management LLC has not paid the judgment. (Declaration of C. Joshi. ¶ 2).

On February 22, 2024, Mr. Zeidman served post-judgment discovery requests on Lindell. (Interrogatories and Requests for Production attached as Exhibits A and B). The responses to Mr. Zeidman's discovery requests were due on March 25, 2024, 30 days after they were served. Fed. R. Civ. P. 33 and 34. No responses or objections have been provided to date. (Joshi Decl. ¶ 4).

Beginning on March 28, 2024, undersigned counsel wrote to counsel for Lindell Management LLC, Thomas Miller, requesting responses to discovery. (Joshi Decl. ¶ 5). The parties spoke on the phone on March 29, 2024, at which time counsel for Mr. Zeidman resent counsel for Lindell the discovery requests in Word format to facilitate its responses. (Joshi Decl. ¶ 6). Since then, counsel has traded emails and Mr. Miller has promised to respond to discovery. Lindell has produced some documents but has yet to provide written responses to the interrogatories and requests for production. (Joshi Decl. ¶ 8). After Lindell failed repeatedly to provide discovery responses, counsel for Mr. Zeidman informed Mr. Miller that she would request a hearing for a motion to compel responses if Mr. Zeidman did not receive written answers by April 8, 2024. (Joshi Decl. ¶ 9).

Through this motion, Mr. Zeidman seeks responses, without objection, to

2

the interrogatories and requests for production as Lindell has both failed to respond within 30 days and has provided no good cause basis to excuse its failure to timely respond. Mr. Zeidman also seeks recovery of his fees and costs in having to bring this motion.

### III. ARGUMENT

**A. Mr. Zeidman has a right to conduct broad, post-judgement discovery.**

The right to conduct discovery applies both before and after judgment. *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430, 431 (8th Cir. 1998) *citing United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir.1967). Rule 69(a) of the Federal Rules of Civil Procedure specifically provides the right to post-judgment discovery "[i]n aid of the judgment or execution." Fed. R. Civ. P. 69(a)(2). The rule further provides that the judgment creditor "may obtain discovery from any person ... in the manner provided in these rules or ... by the practice of the state in which the district court is held." *Id*. A judgment creditor "is entitled to a very thorough examination of the judgment debtor." *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d at 430, 431 (8th Cir. 1998) *quoting Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974). The rules for depositions and discovery "are to be accorded a broad and liberal treatment." *Id. quoting Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Here, Mr. Zeidman properly served discovery post-judgment discovery requests on Lindell on February 22, 2024.

3

### B. Lindell has failed to timely respond to post-judgement discovery and has therefore waived all objections.

Under the Federal Rules of Civil Procedure, written responses to interrogatories are due within 30 days. Fed. R. Civ. P. 33(b)(2) ("The party upon whom the interrogatories have been served shall serve a copy of the answers and objections, if any, within 30 days after the service of the interrogatories."). A party who fails to file timely objections "waives all objections, including those based on privilege or work product." *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) *quoting Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D.Cal.2005) (citing cases). Further, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed.R.Civ.P. 33(b)(4). Despite communication between the parties, counsel for Lindell has failed to set forth any reason that would remotely qualify as "good cause" to excuse Lindell's failure to respond to interrogatories in a timely manner. *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) ("The Court, in its discretion, can only excuse that waiver for good cause."). Therefore, this court should find that Lindell has waived the right to object to any interrogatory on any basis.

Similarly, Lindell failed to respond in writing to Mr. Zeidman's requests for production of documents. As a result, Mr. Zeidman cannot determine which requests the produced documents respond to, which requests Lindell may or may

4

not have additional documents in response to, and which requests it may object to. Although Rule 34 does not contain an automatic waiver provision for untimely objections as does Rule 33(b)(4), courts have reasoned that the waiver that applies to Rule 33(b)(4) should be implied in all rules involving the use of the various discovery mechanisms. *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) ("This Court agrees that the same waiver provision found in Rule 33(b)(4) applies to document requests under Rule 34.") (citing cases). Accordingly, Mr. Zeidman asks this court to order Lindell to respond, without objection, to his requests for production and immediately produce responsive documents. !

### C. Mr. Zeidman should be awarded attorney's fees and expenses for having to bring this motion to compel.

Finally, Mr. Zeidman asks that the court award him, under Federal Rule of Civil Procedure 37, reasonable attorney's fees and expenses incurred in bringing this motion to compel. Under Rule 37(a)(5)(A), if the Court grants a motion to compel discovery responses, or if the responding party provides the requested discovery "after the motion was filed, the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed.R.Civ.P. 37(a)(5)(A). Despite meeting and conferring in good faith in an attempt to get responses from Lindell without the intervention of the court, Mr. Zeidman has yet to receive any

responses to his discovery, necessitating this motion to compel. (Joshi Decl. ¶ 8). Mr. Miller has not communicated any justification or circumstance that would make the award of fees unjust. (Joshi Decl. ¶ 11). Mr. Zeidman therefore requests the award of reasonable attorney's fees and expenses.

## IV. CONCLUSION

Mr. Zeidman respectfully requests that the Court order Lindell Management LLC to respond to his February 22, 2024 interrogatories and requests for production, in writing, and to preclude all objections. Mr. Zeidman also requests that the Court order Lindell to pay Mr. Zeidman's reasonable attorney's fees and costs to bring this motion.

DATED: April 26, 2024

**BAILEY & GLASSER LLP**

By: */s/ Cary Joshi*
Brian A. Glasser (admitted *pro hac vice*)
Cary Joshi (admitted *pro hac vice*)
1055 Thomas Jefferson St, Suite 540
Washington, DC 20007
T: (202) 463-2101
F: (202) 463-2103
bglasser@baileyglasser.com
cjoshi@baileyglasser.com

David E. Schlesinger (MN# 0387009)
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
T: 612-256-3277
F: 612-338-4878
schlesinger@nka.com
*Attorneys for Robert Zeidman*