UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: Lindell Management LLC  Litigation | Case No. 23-cv-1433 (JDT/DJF) |
| | **JUDGMENT DEBTOR'S RESPONSE TO MOTION TO COMPEL** |

---

Defendant/judgment debtor Lindell Management, LLC, responds and objects to plaintiff's motion to compel discovery, docket no. 63 on the following grounds:

1. Defendant intends to bring a motion seeking an order extending defendant's time to formally answer and/or object to the pending discovery, pursuant to Fed.R.Civ.P 6(b)(1)(B).

2. Defendant agrees that the plaintiff has the right to discovery into the defendant's financial and business affairs, but not of the other persons included in the scope of the discovery requests.

3. Defendant has already informally tendered financial information to the plaintiff, as follows:

    a. Bank statements for the period January, 2021 through February, 2024.

    b. A computer check ledger for that period, in the form of an Excel spreadsheet containing over 2100 entries (checks) to enable plaintiff to do sorts and analyses.

    c. Depreciation schedules 2019 through 2022 (the schedule for 2023 is being completed).

4. Because defendant has cooperated with plaintiff informally, we were frankly surprised by the present motion. We acknowledge the plaintiff's right to formal responses but need more time to comply.

5. The discovery requests are astonishingly overbroad. In addition to rightful requests regarding the judgment debtor, they seek, without any distinction, information concerning its attorneys, accountants, and employees. Read literally, they would encompass, e.g. a demand for the insurance policy on a secretary's personal vehicle, and for the office lease of its attorneys.

6. The discovery also seeks privileged information. See, e.g. "Instruction" number 1, page one of the Interrogatories (emphasis added):

> 1. The terms "you," "your," and "Lindell" mean Lindell Management LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and *attorneys*, including any person who served in any such capacity at any time during the relevant time period specified herein. (emphasis added)

The court has no jurisdiction over non-debtor persons or entities.

7. By our count, there are 219 subparts to the Interrogatories. Fed. R. Civ. P. 33 allows only 25.

8. Because there are clearly valid objections to the scope and breadth of the discovery, the court should resolve defendant's objections on the merits and not by default.

9. For these reasons, good cause exists to extend defendant's time to formally respond to plaintiff's outstanding Interrogatories and Requests for Production of Documents, and therefore the present motion to compel should be denied.

**THOMAS F. MILLER, P.A.**

Dated: May 3, 2024   BY     /s/ Thomas F. Miller
Thomas F. Miller, Lic. No. 73477
1000 Superior Blvd., Suite 303
Wayzata, MN 55391
Cell/Text:  612-991-5992
Fax: (952) 404-3893
Email: Thomas@Millerlaw.com