UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Lindell Management LLC Litigation | Case No. 23-cv-1433 (JRT/DJF) <br><br> **ROBERT ZEIDMAN'S MEMORANDUM IN SUPPORT OF HIS THIRD MOTION TO COMPEL RESPONSES TO POST-JUDGMENT DISCOVERY** |

### I.    INTRODUCTION

Robert Zeidman, pursuant to Federal Rule of Civil Procedure 37, asks this Court for an order compelling Lindell Management LLC ("Lindell) to produce, in useable format, documents responsive to his February 22, 2024 requests for production of documents.  He also asks that Lindell produce documents responsive to Request for Document No. 5 and Interrogatory No. 7, supplemented by Lindell on August 23, 2024. Counsel for Mr. Zeidman has made every attempt to work these issues out through counsel but Lindell's failure to respond to requests to meet and confer means Mr. Zeidman must once again seek the assistance of the court for what should be routine discovery matters.

### II.    RELEVANT FACTS

On February 22, 2024, the Court entered judgment in favor of Robert Zeidman and against Lindell Management LLC in the amount of $5 million. (ECF 46). The judgment was to be paid 30 days after judgment was entered. *Id.* Lindell Management LLC has not paid the judgment. Declaration of C. Joshi. ¶2.

1

On February 22, 2024, Mr. Zeidman served post-judgment discovery requests on Lindell. Joshi Decl. ¶3. The responses to Mr. Zeidman's discovery requests were due on March 25, 2024, 30 days after they were served. Fed. R. Civ. P. 33 and 34.

On July 17, 2024, after a hearing on Mr. Zeidman's first motion to compel (ECF 62)[1], this Court ordered Lindell to respond, in writing, to Mr. Zeidman's interrogatories and requests for production of documents by July 31, 2024. (ECF 85). Lindell then failed to provide the court-ordered written responses to the requests for production of documents and Mr. Zeidman had to, again, file a motion to compel (ECF 91).

On August 23, 2024, just before the hearing on the second motion to compel, Lindell finally provided written responses to the requests for production of documents as well as an amended response to Interrogatory 7. Joshi Decl. ¶4. With assurances from counsel for Lindell that he would be responsive to follow up requests on the newly made document production, Mr. Zeidman informed the court that a hearing on the second motion to compel was not necessary. Joshi Decl. ¶5.

**QuickBooks Documents**

On August 26, 2024, counsel for Mr. Zeidman contacted counsel for Lindell asking that certain technical issues be resolved related to Lindell's production of QuickBooks files in native format. Joshi Decl. ¶6. The parties attempted to find a way for Mr. Zeidman to review the native QuickBooks files.

2

Mr. Zeidman went so far as to purchase a license at his own expense. Joshi Decl. ¶7. However, it was not possible to review the files because they were password protected and it appears that only Lindell has the password. Joshi Decl. ¶8. Counsel for Mr. Zeidman continued to follow up to get access to the documents. Joshi Decl. ¶9. Counsel for Lindell has not responded to requests to meet and confer since September 30, 2024 and Mr. Zeidman has not been able to access the QuickBooks documents. Joshi Decl. ¶10.

**Supplemental Request for Loan Documents**

On August 23, 2024, Lindell also provided an amended response to Interrogatory 7 as follows:

**INTERROGATORY 7**. Identify all individuals, institutions, and other entities that owe you debts or liabilities, including: (a) the name, address, and telephone number of the debtor; (b) the amount of the debt or liability as of February 22, 2024; (c) whether the debt is secured, and if so, how; (d) the maturity date of the debt; (e) whether any debt has become uncollectable.

**RESPONSE**: Aside from minimal, revolving trade debt, and professional fees, Lindell Management's sole debts as of February 22, 2024, are (1) a loan payable to Michael Lindell in the amount of $529,983.23, (2) a loan payable to My Pillow, Inc. in the amount of $27,810.23, and (3) a loan payable to Mike Lindell Products LLC d/b/a MyStore in the amount of $2,137,390.84. This response amends and replaces Lindell Management's initial response to Interrogatory Number 7, which initial response was incorrect due to a clerical error.
Amended Response to Interrogatory 7, Exhibit D.

On, September 16, 2024, as a result of this amended response, Mr. Zeidman sent a letter to Lindell requesting documents be produced in response to Document Request No. 5, which asked for:

3

**DOCUMENT REQUEST 5**. All documents concerning any debts you owed or incurred during the relevant time period, including but not limited to:

a. Documents identifying the name of the creditor, the amount owed, when the debt was incurred and for what reason, whether all or any portion of the debt was paid, when all or any portion was paid, and any remaining balance on all such debts.

b. Documents on which each such debt is based, including contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence and other documents comprising, memorializing, or evidencing communications concerning each such debt.

c. Documents concerning or evidencing any payment you made on any such debts.

d. Documents concerning any effort to collect any debt from you by any.

Joshi Decl. ¶ 11. In the September 16, 2024 letter, Mr. Zeidman asked that Lindell produce a copy of documents related to the loans, including but not limited to, any documents that reflect the obligation of the loans, any notes related to the loans, communications about the loans, the payment histories on the loans, and any document reflecting the current status of these loans, as requested in Request for Production No. 5. *Id*. Mr. Zeidman also asked for a verified copy of the amended interrogatory response as required under Federal Rule of Civil Procedure 33. *Id*. Counsel for Lindell has never responded to this letter or the request for documents responsive to Request No. 5. Joshi Decl. ¶ 12.

**III.    ARGUMENT**

**A. Lindell has failed to produce the QuickBooks files in a useable format as required by Federal Rule 34.**

4

Federal Rule of Civil Procedure 34 provides that that a responding party must provide responsive documents in a useable format:

> (a) IN GENERAL. A party may serve on any other party a request within the scope of Rule 26(b):
>
> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, ***after translation by the responding party into a reasonably usable form***.

Fed. R. Civ. Pro. 34 (a) (1)(A) (emphasis added). Here, the native QuickBooks files produced by Lindell, in response to Mr. Zeidman's requests, are not "useable" in their current format. At the very least, they require a password for the organization, Lindell Management LLC, which Mr. Zeidman does not have. Or, if Lindell does not want to provide that password, it needs to produce the files in a format that does not require a password. In either case, Lindell has not fulfilled its discovery obligations under Rule 34 and should be compelled to do so immediately at no expense to Mr. Zeidman.

**B. Lindell has failed to produce documents responsive to Document Request No. 5.**

Lindell's amended response to Interrogatory No. 7 states that Lindell Management LLC's debts, as of February 22, 2024, include: (1) a loan payable to Michael Lindell in the amount of $529,983.23, (2) a loan payable to My Pillow,

5

Inc. in the amount of $27,810.23, and (3) a loan payable to Mike Lindell Products LLC d/b/a MyStore in the amount of $2,137,390.84. Joshi Decl. ¶4. By letter dated September 16, 2024, Mr. Zeidman requested that Lindell produce documents related to this interrogatory response as reflected in Document Request No. 5. Joshi Decl. ¶¶ 4 and 11. Lindell has never even responded to this request much less produced documents, despite additional requests to do so by Mr. Zeidman. Joshi Decl. ¶12.

### C. Lindell has failed to verify its amended response to Interrogatory 7.

Federal Rule of Civil Procedure 33 requires that the person answering interrogatories to answer them under oath and sign them:

> (3) *Answering Each Interrogatory.* Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath. ...
>
> (5) *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Fed. R. Civ. Pro. 33(b)(3) and (5). Lindell has not provided a verification for this interrogatory response despite repeated requests from Mr. Zeidman. Joshi Decl. ¶12.

### IV. CONCLUSION

Mr. Zeidman respectfully requests that the Court order Lindell Management LLC to:

(1)     immediately produce the QuickBooks files in a reviewable format at no expense to Mr. Zeidman;

6

(2) immediately produce all documents responsive to Request for Production No. 5; and

(3) immediately provide a signed verification for amended response to Interrogatory No. 7.

DATED: December 9, 2024

**BAILEY & GLASSER LLP**

By: */s/ Cary Joshi*
Brian A. Glasser (admitted *pro hac vice*)
Cary Joshi (admitted *pro hac vice*)
1055 Thomas Jefferson St, Suite 540
Washington, DC 20007
T: (202) 463-2101
F: (202) 463-2103
bglasser@baileyglasser.com
cjoshi@baileyglasser.com

David E. Schlesinger (MN# 0387009)
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
T: 612-256-3277
F: 612-338-4878
schlesinger@nka.com

*Attorneys for Robert Zeidman*