# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Lindell Management LLC Litigation | Case No. 23-cv-1433 (JRT/DJF) |
| | **REQUEST FOR PRODUCTION OF DOCUMENTS IN AID OF EXECUTION** |

## REQUESTS FOR PRODUCTION OF DOCUMENTS
## <u>TO JUDGMENT DEBTOR LINDELL MANAGEMENT LLC</u>

Pursuant to Federal Rules of Civil Procedure 26, 34, and 69, Robert Zeidman submits his first set of requests for production of documents in aid of judgment/execution to Debtor Lindell Management LLC ("Lindell") and requests that Lindell provide written answers and produce documents within thirty (30) days.

## <u>DEFINITIONS</u>

1.    The terms "you," "your," and "Lindell" mean Lindell Management LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

2.    The terms "revenue" or "income" mean any and all money, earnings, revenue, or payments of any kind that you received in any form, whether in cash or by check, credit or debit card, electronic transfer, or otherwise, including but not limited to payments for goods and services, payments on accounts receivable, loan repayments, interest income, rents, royalties, license fees, commissions, dividends, distributions, payments concerning sales of assets, equipment, or inventory, payments on contracts, or any other payment or remuneration you received in connection with the operation of your business.

3.    The term "asset" means any property or thing of value you owned, claimed, or held any interest in, in whole or in part, including any and all real property, tangible personal property including cash, vehicles, goods, inventory, machinery, equipment, trade fixtures, office equipment, supplies, and computer systems and networks, and intangible personal property including goodwill, contracts, accounts receivable, notes receivable, stocks, bonds, and other securities, ownership interest in any other entities such as subsidiary corporations, general or limited partnerships, and joint ventures, intellectual property rights including copyrights, patents, trademarks, and trade names, and insurance policies which you own or which name you as an insured.

4.    "And" and "or" mean "and/or" and shall be construed in the conjunctive or disjunctive, whichever makes the given request more inclusive.

5.    The term "communication(s)" shall mean any oral or written exchange of words, thoughts, or ideas with any other person or entity, whether in person, in a group, by telephone, by letter, by fax, by electronic mail, by text message, by instant message, or otherwise. "Communication(s)" shall include, without limitation, correspondence, conversations, dialogues, discussions, consultations, and documents of any type.

6.    "Concerning" means about, regarding, containing, relating to, reflecting, referencing, recording, discussing, mentioning, noting, evidencing, memorializing, analyzing, describing, commenting upon, referring to, having any connection with, supporting, contradicting, or having any tendency to prove or disprove the matters set forth in a given request.

7.    The term "document" shall have the broadest meaning permitted by the Superior Court Civil Rules and includes, without limitation, all originals, copies (if the originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy or otherwise) and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, whether or not claimed to be privileged or confidential, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, diaries, summaries of personal conversations or interviews, expressions or

statements of policy, lists of persons attending meetings or conferences, reports or summaries of meetings, minutes or records or notes of meetings or conferences, reports or summaries of investigations, opinions of counsel, reports or summaries of either negotiations within or without the corporation or preparations for such, note pads, postcards, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, bills of sale, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, reports to shareholders, instruments, circulars, press releases, drafts of any document, accounts, diaries, calendars, appointment books, maps, charts graphs, bulletins, photostats, speeches, brochures, manuals, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof; electronic communications including but not limited to email and/or text messages, voice mail messages, telegraphic messages, faxes, interoffice communications, advertising, packaging and promotional materials, and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to any information contained in any computer, server, mainframe, or other storage device (including (i)

4

information on or in computer memory, (ii) information on or in computer or network backup files, and (iii) information that has been "deleted" or "erased" but is recoverable) whether located on-site or at an offsite facility, within your possession, custody or control. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document." The term "document" also includes electronically stored information ("ESI").

8.      The term "ESI" means electronically stored information or data that is generated, received, processed, and recorded by computers and other electronic devices, and includes, without limitation, system metadata (e.g., author, recipient, file creation date, file modification date) and user-generated metadata (e.g., spreadsheet formulas). ESI further includes, without limitation, the following: (i) output resulting from the use of any software program, such as word processing documents, spreadsheets, database files, charts, graphs, and outlines, (ii) electronic mail and text messages, (iii) message logs from Google Chat, WhatsApp, Slack, AOL Instant Messenger, Instant Bloomberg, Facebook, Twitter, and similar programs, (iv) audio and video files, (v) internal (intranet) or external websites and (vi) activity listings of electronic mail receipts and/or transmittals. ESI includes electronic information or data wherever it resides, including, without limitation, (i) in an active file on a computer network or individual computer hard drive, (ii) in

a deleted file or file fragment, (iii) on backup/storage media, (iv) on removable media, such as a floppy disk, memory stick, portable hard drive, or zip drive and (v) on a smart phone or personal digital assistant. ESI also includes documents, containers, and labels appended to or concerning any physical storage device associated with responsive electronic information or data.

9.     The verb "concern" and its variants encompass the terms "refer," "reflect," and "relate," and shall be construed to bring within the scope of the request all documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of, the subject matter of the request, including but not limited to all documents that reflect, record, memorialize, discuss, evaluate, consider, review, report, support, demonstrate, show, study, describe, analyze, embody, mention, contradict, or result from the matter specified, or otherwise evidence, the existence of the subject matter of the request.

10.    To the extent necessary to bring within the scope of the requests below any information or document that might otherwise be construed to be outside said scope, the word "any" means "any and all," and the word "all" means "any and all."

11.    Pronouns shall be construed to refer to the masculine, feminine or neuter gender, in singular or plural, as in each case is most appropriate.

12.    "Including" means "including but not limited to."

## **INSTRUCTIONS**

1.      These requests are to be considered continuing in nature, and, therefore, answers should be modified or supplemented as you obtain further or different information.

2.      You are instructed to produce documents in your custody, possession or control and in the custody, possession or control of your employees, agents, representatives, contractors, attorneys, accountants, investigators, experts, or other persons or entities acting on your behalf.

3.      ESI shall be produced in searchable electronic format with a standard metadata load file (DAT or CSV) with UTF-8 encoding and an image load file that is in either OPT or LFP format. Load files will include a separate folder containing multi-page PDF images at a resolution of at least 300 dpi (native format production is also acceptable). Each document, whether produced in native or in PDF format, and whether originally existing in electronic or in hard copy, shall be produced with extracted text or OCR in a separate document-level, UTF-8 with BOM encoded TXT files provided in a separate folder. Production load files shall be produced on CDROMs, DVDROMs, portable or external hard drives or other widely-used electronic or optical storage media (electronic file transfer is also acceptable). All Microsoft Excel and PowerPoint documents, as well as other documents that constitute spreadsheets, data sets, and like materials, shall be produced in native

format with a PDF placeholder image, and Mr. Zeidman reserves the right, as needed, to seek production of additional documents, communications, or categories of documents or communications in native format. The Parties will meet and confer on the production of other file types (e.g., CAD drawings) if such files are included with the productions. Each native and PDF file shall be named with a unique production number followed by the applicable file extension. In addition, each text file shall be named with the unique production number of the corresponding native or PDF image, followed by the extension ".TXT." Each media produced shall be uniquely named with a sequential number that includes a unique identifier. All responsive electronic documents and communications shall be produced with sufficient metadata to convey where these items begin and end (including attachments), the original file name, and the original timestamps and attributes, including the following metadata fields: "Begin Doc," "End Doc," "Family ID," "Begin family," "End family," "Begin Attach," "End Attach," "Email From," "Email To," "Email CC," "Email BCC," "Email Subject," "Email Date Sent," "Email Time Sent," "Custodian," "File Name" (preferably with extension), "File Author," "File Path," "File Date Created," "File Date Last Modified," "Native File Link," and "Text File Link."

4.    You are to produce entire documents, including attachments, enclosures, cover letters, memoranda and appendices.

5.    If any of the documents requested were, but are no longer, in your possession or subject to your control, state whether the document (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred voluntarily or involuntarily to any other person or entity; or (iv) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the authorization thereof and identify any persons having any knowledge of such disposition, identify the persons responsible for such disposition, and provide a description of the nature, content, date, author(s), and recipient(s) of each document.

6.    Where a responsive document has been discarded, destroyed, is no longer available or is alleged to have been discarded, destroyed or no longer available, state the reasons for its absence or destruction, the names of the persons having any knowledge of and the persons responsible for discarding or destroying the document.

7.    If any form of privilege or other protection from disclosure is claimed as a ground for withholding a document requested to be produced or identified, set forth with respect to the document the date, title, identity of the author, subject matter and each and every fact or basis on which you claim your privilege, with sufficient specificity to permit the Court to make a determination as to whether the claim of privilege is valid.

8.    If any request is objected to on grounds of overbreadth, you are instructed to respond to the request as narrowed to conform to your objection within the period allowed for a response.

9.    Unless otherwise stated, the relevant time period for these requests is from January 24, 2018 to the present.

## REQUESTS FOR PRODUCTION

1.    All documents concerning the nature of your business during the relevant time period, including but not limited to:

    a.    Documents identifying the name and address of your business.

    b.    Articles of incorporation or organization, partnership and/or joint venture agreements, charters, bylaws, corporate minute books, and other documents concerning the formation of any business entity in which you owned an interest, either directly or indirectly, during the relevant time period.

    c.    Documents identifying all shareholders, directors, officers, partners, members, managers, or other owners or operators of any business entity in which you owned an interest, either directly or indirectly, during the relevant time period.

    d.    Documents identifying the name, address, and state of incorporation or organization of any parent, subsidiary, division, general partner, joint venturer, or affiliate of any business entity in which you owned an interest, either directly or indirectly, during the relevant time period.

2.    All documents concerning your revenue during the relevant time period, including but not limited to:

    a.    Documents evidencing all sources of income, revenue, or remuneration of any kind, including payments for goods and services, interest

income, operating income, payments on accounts receivable, commissions, agency fees, loan repayments, rents, royalties, license fees, dividends, distributions, payments concerning sales of assets, equipment, or inventory, payments on contracts, or any other payment or remuneration you received in connection with the operation of your business.

b. State and federal income tax returns, and all related forms and schedules (including all amended returns, forms, and schedules) filed during or concerning the relevant time period.

c. Financial statements, balance sheets, income statements, cash flow statements, and loan applications prepared or submitted by you or on your behalf during the relevant time period.

3. All documents concerning your assets during the relevant time period.

4. All documents identifying your routine expenses, including but not limited to: operating costs; rental obligations; payroll and benefits; outstanding loans; installment payments; mortgage payments; loan payments and financing charges on vehicles, equipment, and supplies; payments due under contracts; royalty payments and license fees; commissions owed to brokers, dealers, or representatives; legal, accounting, and other professional fees; advertising and marketing costs; and other routine debts and expenses that occur on a regular basis.

5. All documents concerning any debts you owed or incurred during the relevant time period, including but not limited to:

a. Documents identifying the name of the creditor, the amount owed, when the debt was incurred and for what reason, whether all or any portion of the debt was paid, when all or any portion was paid, and any remaining balance on all such debts.

11

    b.  Documents on which each such debt is based, including contracts, bills, invoices, statements, agreements, mortgages, loan agreements, and all correspondence and other documents comprising, memorializing, or evidencing communications concerning each such debt.

    c.  Documents concerning or evidencing any payment you made on any such debts.

6.    Documents concerning any effort to collect any debt from you by any creditor, collection agency, attorney, or other party acting on behalf of any creditor, including demand letters, default notices, forbearance agreements, collection letters, liens, lis pendens, lawsuits, judgments, petitions, complaints, summonses, or other legal process.

7.    All documents concerning any real property you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including any and all: real estate contracts (purchase or sale; deeds; appraisals; leases; licenses; easements; rights of way; trusts; liens; mortgages, deeds in trust, or other encumbrances; escrow agreements; and other documents concerning any such ownership interest.

8.    All bank statements or other account statements for any account which you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or

indirectly, in whole or in part, during the relevant time period, at any bank, brokerage, investment firm, or other financial institution.

9.      All communications concerning any account identified in response to Request No. 8 above.

10.     All documents concerning vehicles, aircrafts, boats, or other water vessels you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to:

      a.  Titles, licenses, and registrations.

      b.  Sales contracts, bills of sale, and other documents concerning your purchase or ownership of the vehicle, aircraft, boat, or water vessel.

      c.  Financing documents, loan documents, security agreements, and all other evidence of any other party's lien on or interest in the vehicle, aircraft, boat, or water vessel.

      d.  Documents concerning or evidencing the location of the vehicle, aircraft, boat, or water vessel.

11.     All documents concerning any and all other tangible corporate property with a value over $5,000 which you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to: goods; equipment and machinery; inventory; trade

fixtures; tools; office equipment and furniture; computer equipment and networks; furnishings, appliances, electronics, computer equipment, televisions, stereos, audiovisual equipment, and fixtures; jewelry, artwork, antiques, and collectibles; clothing; cash; precious metals; appraisals, invoices, bills of sale, and other documents concerning or evidencing the value, purchase, receipt, possession, or ownership of any such tangible personal property; and all documents concerning or evidencing any other party's interest in or claim to any of your tangible personal property, including all debts or liabilities secured by, or liens, security interests, or other encumbrances in, on, or against the property.

12.     Documents sufficient to identify all of your affiliates, subsidiaries, parent companies, or any other company that has or claims an interest in Lindell Management LLC, including the name, address or location, and state or country of incorporation or organization of any such entity, and the nature of your affiliation or corporate or other organizational relationship with any such entity.

13.     All documents concerning any corporation, subsidiary, limited liability company, trust, partnership, or other business entity of any kind or nature in which you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or in which you owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to:

a.  Articles of incorporation or organization, charters, bylaws, partnership agreements, shareholder agreements, or other formational documents evidencing the existence of the entity.

b.  All stock certificates or other documents concerning or evidencing your ownership of shares, units, membership interests, partnership interests, or other ownership interest in the entity.

c.  Corporate minute books, minutes of organizational meetings, or documents concerning or evidencing the entity's organization, ownership, managerial structure, and adherence to corporate or other organizational formalities.

d.  Appraisals, valuations, and other documents concerning or evidencing the value of your ownership interest in any such entity.

14.    All documents concerning any and all intangible property with a value over $5,000 you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, during the relevant time period, including but not limited to any and all: contracts; security agreements; stocks, bonds, or other evidence of ownership, equity, or investment in any business entity; patents, copyrights, trademarks, or other evidence of intellectual property rights; accounts receivable; notes receivable; corporate goodwill; research and development; retirement, pension, 401(k), and IRA accounts; annuities; crypto currency; and all documents concerning or evidencing any other party's interest in or claim to any of your intangible personal property, including all debts or liabilities secured by, or liens, security interests, or other encumbrances in, on, or against the property.

15.    All documents concerning policies of insurance you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or were covered under during the relevant time period, including but not limited to any and all policies, contracts, notices, amendments, modifications, and renewals of any such policy.

16.    If you claim that any of your revenue, income, or assets are exempt from collection, all documents evidencing the basis for such exemption.

17.    Documents concerning any and all debts or liabilities owed to you by third parties, including, but not limited to, all claims, causes of action, lawsuits, judgments, or liens you now have or had at any time during the relevant time period against any third party.

18.    All documents concerning or evidencing any third party's possession, ownership, or control of any of your assets, in whole or in part, including but not limited to:

   a.  Contractual agreements, including all drafts and markups.

   b.  Certificates of title or deeds.

   c.  Publicly filed documents concerning the third party's possession or ownership interest.

   d.  Correspondence, internal memoranda, notes, or other records concerning the third party's possession or ownership interest.

19.    All documents concerning or evidencing any transaction in which you transferred any interest in any of your assets over the value of $5,000, in whole or in part, to any transferee during the relevant time period, including but not limited to:

     a. Contractual agreements, including all drafts and markups.

     b. Certificates of title or deeds.

     c. Publicly filed documents concerning the transaction.

     d. Correspondence, internal memoranda, notes, or other records concerning the transaction.

20.    All documents you provided to any transferee in connection with any due diligence they conducted before engaging in any transaction identified in Request No. 19 above.

Dated: February 22, 2024

**BAILEY & GLASSER LLP**

By: */s/ Cary Joshi*
    Brian A. Glasser (admitted *pro hac vice*)
    Cary Joshi (admitted *pro hac vice*)
    1055 Thomas Jefferson St, Suite 540
    Washington, DC 20007
    T: (202) 463-2101
    F: (202) 463-2103
    bglasser@baileyglasser.com
    cjoshi@baileyglasser.com

    David E. Schlesinger (MN# 0387009)
    4700 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402
    T: 612-256-3277
    F: 612-338-4878

schlesinger@nka.com

*Attorneys for Robert Zeidman*