**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: Lindell Management LLC Litigation | Case No. 23-cv-1433 (JRT/DJF) |
| Robert Zeidman,<br><br>Petitioner,<br><br>v.<br><br>Lindell Management, LLC,<br><br>Respondent. | **ROBERT ZEIDMAN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REHEARING BY THE ARBITRATION PANEL** |

Petitioner Robert Zeidman respectfully moves this Court pursuant to 9 U.S.C. § 10(b) for an order directing rehearing by the original arbitration panel consistent with the decision by the Court of Appeals in this case, *sub nom. Zeidman v. Lindell Mgmt. LLC*, 145 F.4th 820 (8th Cir. 2025), *cert. denied*, __ S. Ct. __, 2026 WL 79757 (Jan. 12, 2026) (ECF No. 115).

## I. PROCEDURAL BACKGROUND

On November 3, 2021, Robert Zeidman filed a two-count Demand for Arbitration ("Demand") against Lindell Management, LLC ("Lindell") in connection with the "Prove Mike Wrong Challenge" ("Challenge") (ECF No. 24, Ex. A.) Count I was for breach of contract. Count II was for violation of the Minnesota Consumer Fraud Act, M.S.A. § 325.F755. The Demand sought $5 million in damages (as had been offered to the winner under the terms of the Challenge) and various ancillary relief.

Following a three-day hearing in January 2023, post-hearing briefing, and closing arguments on March 18, 2023, the three-person arbitration panel convened by the American Arbitration Association ("the Panel") issued a 23-page, unanimous Reasoned Decision and Final Award on April 19, 2023 ("April 2023 Decision"). (ECF No. 2-2.) The April 2023 Decision determined that Mr. Zeidman had performed under the contract and that Lindell had breached the contract. (*Id.* at 22.) As such, it awarded $5 million from Lindell to Mr. Zeidman. (*Id*. at 23.)

In light of its award for breach of contract, the Panel determined that Mr. Zeidman's alternative argument on unconscionability claims regarding the rules of the Contest "need not be further addressed." (*Id.*) And, likewise, the Panel denied as moot and did not reach Mr. Zeidman's Minnesota Consumer Fraud Act claims. (*Id.*)

On May 19, 2023—one day after Lindell's time for payment pursuant to the April 2023 decision had expired—Mr. Zeidman petitioned this Court for an Order Confirming Arbitration Award. (ECF No. 1.)[1]

On July 23, 2023, Mr. Zeidman and Lindell filed a Rule 26(f) report in which they agreed to waive all discovery and to submit the case for decision on dispositive

[1] On May 18, 2023, Lindell had noticed to Mr. Zeidman's counsel a state court petition to vacate the arbitration award in the Hennepin County District Court. Mr. Zeidman filed his petition to confirm the arbitration award in this Court before Lindell's state court petition to vacate was docketed with a case number and served. Mr. Zeidman removed Lindell's petition to this Court. And this Court consolidated Lindell's petition to vacate with Mr. Zeidman's petition to confirm under the above-captioned case number. (ECF No. 16.)

motions. (ECF No.19.) Each party stipulated to the facts, specifically the transcripts and exhibits from the underlying arbitration. (ECF No. 21.)

On February 21, 2024, this Court confirmed the Panel's April 2023 Decision and denied Lindell's motion to vacate. (ECF No. 45). Lindell appealed the decision. (ECF No. 49).

On July 23, 2025, the U.S. Court of Appeals for the Eighth Circuit reversed this Court's confirmation order on the basis that the Panel had "exceeded its authority" in interpreting the contract. 145 F. 4th at 827. The Court of Appeals' judgment directed that "the cause is remanded to the district court for proceedings consistent with the opinion of this court." (ECF No. 110.)

## II. REQUEST FOR REMAND

Accordingly, Mr. Zeidman now moves this Court to direct rehearing by the original arbitration Panel for further proceedings consistent with the decision of the Court of Appeals.

Under the Federal Arbitration Act, when an arbitration award is vacated "the court may, in its discretion, direct a rehearing by the arbitrators." 9 U.S.C. §10(b). Thus, in the rare circumstance where the court vacates the award and the parties to an arbitration agreement are left without a resolution, the court has a mechanism to return the case to arbitration for further proceedings consistent with the court's basis for vacatur.

Here, the decision of the Court of Appeals reversing the confirmation of the award leaves the parties without a resolution to their dispute. Mr. Zeidman therefore

moves this Court to order rehearing by the original Panel with a charge to further consider this case in light of the vacatur directed by and opinion of the Court of Appeals.

DATED: February 13, 2026

**BAILEY & GLASSER LLP**
*/s/ Cary Joshi*
Brian A. Glasser (admitted *pro hac vice*)
Cary Joshi (admitted *pro hac vice*)
1055 Thomas Jefferson St., Suite 540
Washington, DC 20007
T: (202) 463-2101
F: (202) 463-2103
bglasser@baileyglasser.com
cjoshi@baileyglasser.com

David E. Schlesinger (MN# 0387009)
Schlesinger Kaster, PLLC
900 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
T: (612) 688-1400
David@schlesingerkaster.com

*Attorneys for Robert Zeidman*