**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil No. 23-1433 (JRT/DJF)

IN RE LINDELL MANAGEMENT LLC
LITIGATION

**MEMORANDUM OPINION AN ORDER**
**GRANTING MOTION FOR REHEARING BY**
**ARBITRATION PANEL**

Brian A. Glasser, **BAILEY & GLASSER LLP**, 209 Capitol Street, Charleston, WV 25301; Cary Joshi, **BAILEY & GLASSER LLP**, 1055 Thomas Jefferson Street Northwest, Suite 540, Washington, DC 20007; David E. Schlesinger, **SCHLESINGER PLLC**, 900 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for Petitioner Robert Zeidman.

Barbara P. Berens, **BERENS & MILLER, PA**, 80 South Eighth Street, Suite 3720, Minneapolis, MN 55402, for Respondent Lindell Management LLC.

This case arises from Respondent Lindell Management LLC's ("Lindell LLC") "Prove Mike Wrong Challenge," which related to allegations of fraud in the November 2020 general election. Under the terms of the Challenge, a winner was entitled to a $5 million reward if they were able to successfully "Prove Mike Wrong." Petitioner Robert Zeidman entered the contest and submitted a fifteen-page report. The Challenge judges reviewed Zeidman's report and concluded the Zeidman was not entitled to the $5 million reward. Consistent with the Challenge's rules, Zeidman submitted an arbitration demand. The

arbitration panel ruled in favor of Zeidman, and the Court confirmed the award.  *See Zeidman v. Lindell Mgmt. LLC*, 718 F. Supp. 3d 934 (D. Minn. 2024).

In July 2025, the Eighth Circuit reversed and remanded the case with instructions to either "grant [Lindell LLC's] Motion to Vacate Arbitration Award or for further proceedings not inconsistent with this opinion." *Zeidman v. Lindell Mgmt. LLC*, 145 F.4th 820, 828 (8th Cir. 2025).  Zeidman has filed a motion requesting that the Court order a rehearing before the original arbitration panel.  (Mot. Rehearing by Arb. Panel, Feb. 13, 2026, Docket No. 116.)  After careful consideration of the record and the parties' arguments, the Court will vacate the arbitration award, grant Zeidman's motion for rehearing, and order the panel to consider the parties' dispute in light of the vacatur directed by and consistent with the Eighth Circuit's decision in *Zeidman*, 145 F.4th at 820.

**BACKGROUND**

**I.    FACTS**

The Court extensively recounted the facts of this case in a previous order, *Zeidman v. Lindell Mgmt. LLC*, 718 F. Supp. 3d 934, 937–38 (D. Minn. 2024) and therefore provides only a brief summary here.

Lindell LLC is owned and operated by Michael Lindell.  *Zeidman*, 718 F. Supp. 3d at 937.  Lindell publicly disputed the results of the 2020 presidential election.  *Id.* Lindell alleged, among other theories, that China interfered in the election.  *Id.*  In August 2021, Lindell LLC held a Cyber Symposium that featured a "Prove Mike Wrong Challenge."  *Id.*

Under the terms of the Challenge, a participant who proved "that [Lindell's] cyber data is not valid data from the November Election" would be awarded $5 million. *Id.*

Zeidman entered the contest and signed the Challenge rules, which included an arbitration clause. *Id.* Zeidman submitted a fifteen-page report, arguing Lindell LLC's data "unequivocally does not contain packet data of any kind and do[es] not contain any information related to the November 2020 election." *Zeidman*, 145 F.4th at 822 (alteration in original). After considering Zeidman's submission, the Challenge judges determined he had not provided enough information to unequivocally prove that the data was not election data and thus denied Zeidman the $5 million reward. *Id.* Consistent with the Challenge rules, Zeidman submitted an arbitration demand. *Id*.

## II.    PROCEDURAL HISTORY

The arbitration panel limited its review to three issues: (1) whether Zeidman won the Challenge, thereby placing Lindell LLC in breach of contract, (2) whether the Challenge rules were unconscionable, and (3) whether Lindell LLC violated the Minnesota Consumer Fraud Act ("MCFA"). *Id.* at 824. Because Lindell's data was not presented in the form of packet data, the panel held that it could not be considered valid data from the November 2020 Election. *Id.* at 825. Therefore, the arbitration panel concluded that Zeidman performed under the contract and was entitled to the $5 million award. *Id.* After concluding that Lindell LLC breached the contract, the panel determined that Zeidman's unconscionability claim "need not be further addressed" and denied his MCFA claim as

moot.  (Decl. of David E. Schlesinger ¶ 3, Ex. B ("Arb. Award") at 22, May 19, 2023, Docket No. 2-2.)

Lindell LLC filed a motion in state court to vacate the arbitration award.  (Pet. for Order Confirming Arb. Award ¶ 12, May 19, 2023, Docket No. 1.)  Lindell LLC challenged the award on the basis that the panel acted outside the scope of its authority by modifying the Challenge rules.  *Zeidman*, 718 F. Supp. 3d at 939.  Zeidman filed this action to confirm the arbitration award.  (Pet. at 1.)  Lindell LLC's state action was removed to federal court and consolidated with Zeidman's petition.  (Order to Consol. Cases at 3, June 22, 2023, Docket No. 16.)

After the cases were consolidated, the Court denied Lindell LLC's motion to vacate and granted Zeidman's motion to confirm.  *Zeidman*, 718 F. Supp. 3d at 941.  The Court reasoned that, even if the panel improperly relied on extrinsic evidence to interpret an unambiguous contract term, that error was insufficient to establish that the panel exceeded its authority.  *Id*.

Lindell LLC appealed and Eighth Circuit reversed, holding that "the panel exceeded its authority because it clearly identified the applicable, governing law and then proceeded to ignore it."  *Zeidman*, 145 F.4th at 827 (citation modified).  The Eighth Circuit held that because the panel relied on extrinsic evidence to interpret the contract after concluding that its language was unambiguous, the arbitrators exceeded their authority.  *Id.* at 828.  Accordingly, the court reversed the grant of Zeidman's motion to confirm and

remanded the case to this Court with instructions "either to grant [Lindell LLC's] Motion to Vacate Arbitration Award or for further proceedings not inconsistent with this opinion." *Id.*

Zeidman has now filed a motion asking the Court to order a rehearing before the original arbitration panel.  (Feb. 13, 2026, Docket No. 116.)  Lindell LLC opposes the motion and asks the Court to (1) deny Zeidman's motion for rehearing, (2) vacate the arbitration award, and (3) enter judgment for Lindell LCC on Zeidman's claims.  (*See* Def.'s Mem. Opp. at 14, Apr. 30, 2026, Docket No. 127.)

**DISCUSSION**

**I.      STANDARD OF REVIEW**

The Federal Arbitration Act provides that "[i]f an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."  9 U.S.C. § 10(b); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 511 (2001) (noting that "[e]ven when the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings").  However, a rehearing before the arbitrators is unnecessary when the facts compel "only one possible outcome." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 677 (2010).

**II.     ANALYSIS**

After reviewing the record and the parties' arguments, the Court will remand Zeidman's claims to the original arbitration panel for two reasons.

-5-

**First**, remand is consistent with the parties' contractual intent as expressed in the Challenge rules.  Paragraph 9 of the Challenge rules signed by Zeidman requires that "any claim, dispute, or controversy . . . arising out of, relating to, or connected in any way with the challenge, or the breach, enforcement, interpretation, or validity of these [rules] . . . will be resolved exclusively by final and binding arbitration."  *Zeidman*, 145 F.4th at 824. This language, together with the fact that neither party argued before the arbitration panel that Zeidman's dispute was not subject to arbitration, reflects the parties' intent to arbitrate the dispute.  Because the contract did not stipulate a time by which an award must be made, the Court is not precluded from directing a rehearing by the arbitrators.[1]

**Second**, rehearing is warranted because it is unclear whether, absent consideration of extrinsic evidence, the panel would rule in favor of Lindell LLC on Zeidman's breach of contract claims.  On appeal, Eighth Circuit concluded that the panel effectively amended the parties' contract, reasoning that "[f]rom the four corners of the Challenge contract as defined by the Official Rules, there is no way to read 'information *related to* the November 2020 election' as meaning only information that is PCAP data." *Zeidman*, 145 F.4th at 828.  On rehearing, the panel must therefore interpret the Challenge rules based solely on its four corners, without considering extrinsic evidence.

---

[1] *Cf. Indus. Steel Constr., Inc. v. Lunda Constr. Co.*, No. 3:20-cv-00070, 2021 WL 6618711, at *11 (S.D. Iowa 2021) (holding that a rehearing before the arbitration panel was improper because the contract's deadline for the panel to issue an award had expired), *rev'd on other grounds*, 33 F.4th 1038 (8th Cir. 2022).

Because there are multiple ways for the panel to reasonably interpret the contractual language, the Court concludes Zeidman's breach of contract claim is not limited to "only one possible outcome." *See Stolt-Nielsen S.A.*, 559 U.S. at 677. Rehearing is therefore appropriate.

Moreover, Zeidman's unconscionability and MCFA claims present more than one possible outcome. With respect to unconscionability, the panel's prior denial of Zeidman's unconscionability claim flowed directly from its interpretation of the Challenge rules, which involved consideration of extrinsic evidence. The Eighth Circuit decision did not address the merits of the unconscionability argument. Because the unconscionability analysis necessarily depends on the meaning and scope of the Challenge rules, the panel must first adopt a permissible interpretation of the agreement in a manner consistent with the Eighth Circuit's July 2025 opinion before determining whether its enforcement is unconscionable. A different interpretation of the Rules could therefore produce a different result.

The same logic applies to Zeidman's MCFA claim. During arbitration, the panel denied the MCFA claim as moot after concluding that Zeidman prevailed on his breach of contract claim. The Eighth Circuit did not consider the merits of the MCFA claim. *Zeidman*, 145 F.4th at 828. If the panel reaches a different conclusion regarding the breach of contract claim under a permissible interpretation of the Challenge rules, Zeidman should likewise have the opportunity to litigate his MCFA claim on the merits.

Accordingly, because there is more than one possible outcome on the facts presented, the Court will direct a rehearing by the arbitrators. *See Stolt-Nielsen S.A.*, 559 U.S. at 677.

**CONCLUSION**

The Eighth Circuit concluded that the arbitration panel exceeded its authority in interpreting the parties' contract when the panel used extrinsic evidence to conclude the Zeidman won the Challenge. The Eighth Circuit then reversed the Court's confirmation of the award and remanded the case. On remand, the question before the Court is whether the dispute should be directed for rehearing before the original arbitration panel. The Court concludes rehearing is appropriate. The parties agreed to arbitrate their disputes, and because the facts presented may result in more than one possible outcome, the Court will direct a rehearing by the arbitrators. Pending the resolution of the dispute before the arbitration panel, the Court will stay this action. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (holding that the Federal Arbitration Act requires courts to stay—rather than dismiss—actions involving arbitrable disputes).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The Arbitration Award dated April 19, 2023, is **VACATED**.

2.  Plaintiff Robert Zeidman's Motion for Rehearing by Arbitration Panel (Docket No. [116]) is **GRANTED**.

-9-

3. The Arbitration Panel must consider the parties' dispute in light of the vacatur directed by and consistent with the Eighth Circuit's decision in *Zeidman v. Lindell Mgmt. LLC*, 145 F.4th 820 (8th Cir. 2025).

4. This action is hereby **STAYED** until further order of the Court.


DATED:  August 12, 2026            _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                   United States District Judge